336 S.E.2d 540

## WEST VIRGINIA JUDICIAL HEARING BOARD

v.

## Magistrate J.L. ROMANELLO.

### No. 16801.

Supreme Court of Appeals of West Virginia.

Oct. 31, 1985.

Charles R. Garten, Charleston, for appellant.

David W. Parmer, Hinton, for appellee.

BROTHERTON, Justice:

This is a proceeding on a recommendation of the Judicial Hearing Board that a complaint filed against Magistrate J. L. Romanello be dismissed because Mr. Romanello is no longer in office. After reviewing the complaint, answer, and other documents of record, we conclude that the reason cited is not sufficient to warrant dismissal of the complaint. We, therefore, do not adopt the recommended disposition, and remand this action to the Judicial Hearing Board.

On June 28, 1982, the Judicial Investigation Commission filed a complaint with the Judicial Hearing Board charging Magistrate J.L. Romanello, of Hinton, Summers County, with several violations of the Judicial Code of Ethics. The Commission alleged that Magistrate Romanello had submitted vouchers and received reimburse-

---

ment for travel expenses he had not incurred, and that he had openly endorsed, campaigned for, and solicited for a candidate for public office.

The magistrate filed an answer, interrogatories, and a motion to produce documents, and each side filed a pre-trial memorandum. No hearing has been held, however, due to the ill health of Magistrate Romanello. Meanwhile, the magistrate's term of office expired. The Judicial Hearing Board now recommends, pursuant to Rule III.D of the Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, (hereinafter the "Rules of Procedure"), that the complaint be dismissed. The recommended order cites no reason for dismissal other than that Mr. Romanello is no longer serving as a judicial officer.

██ The law contemplates that this Court will make an independent evaluation of the record in a disciplinary proceeding, and not give conclusive weight to recommendations of the Judicial Hearing Board. *West Virginia Judicial Inquiry Comm'n v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427, 428–29 (1980). Because the record in this case has not been developed, we are unable to assess whether the facts warrant the recommended disposition. For this reason, and for the reasons set out below, we hold that the fact that a judicial officer is no longer in office is not in itself a sufficient reason to dismiss a complaint filed with the Judicial Hearing Board.

It is generally recognized that when disciplinary rules authorize sanctions in addition to ouster, the fact that a judge or magistrate is no longer in office does not render a disciplinary proceeding moot. *See, e.g., In re Peoples*, 296 N.C. 109, 150–51, 250 S.E.2d 890, 912–14 (1978). *See also In re Sterlinske*, 123 Wis.2d 245, 365 N.W.2d 876 (1985) (prior judicial misconduct warrants removal of retired judge from eligibility as reserve judge). Further, although such was not the case here, we would be ill-advised to establish a precedent that would allow a judge or magistrate to escape punishment for violations of the Code of Ethics by resigning from of-

fice. *See, e.g., In re Probert*, 411 Mich. 210, 308 N.W.2d 773 (1981).

We, therefore, refuse the recommendation of the Board, and remand the case for further proceedings.

Remanded.