350 S.E.2d 14

# W. VA. JUDICIAL HEARING BOARD

v.

## Magistrate J.L. ROMANELLO.

### No. 16801.

Supreme Court of Appeals
of West Virginia.

Submitted Sept. 16, 1986.
Decided Oct. 29, 1986.

Charles R. Garten, Jr., Charleston, for Hearing Board.

David W. Parmer, Hinton, for Romanello.

PER CURIAM:

This is a judicial disciplinary proceeding against J.L. Romanello, a former Summers County magistrate,[1] who was charged in a complaint by the Judicial Investigation Commission with submitting vouchers and receiving reimbursement for travel expenses not incurred, and with publicly endorsing, campaigning, and soliciting for a candidate for public office in violation of the Judicial Code of Ethics.[2] The Judicial Hearing Board has recommended the complaint be dismissed on the basis that the charges have not been proven by clear and convincing evidence. We agree.

We note initially that this Court in judicial disciplinary proceedings must independently review the evidentiary record

---

1. This case was previously before this Court upon a recommendation by the Judicial Hearing Board that the complaint be dismissed solely because Magistrate Romanello was no longer holding office. We declined to follow the Board's recommendation and ruled in the Syllabus of *West Virginia Judicial Hearing Board v. Romanello,* 175 W.Va. 577, 336 S.E.2d 540 (1985): "The fact that a judicial officer is no longer in office is not in itself a sufficient reason to dismiss a complaint filed with the Judicial Hearing Board."

2. The allegations against Magistrate Romanello included charges that he violated Canon 6(B) and 7(A)(1)(b) of the Judicial Code of Ethics, which state respectively:

Canon 6(B): "A judge may receive compensation and reimbursement of expenses for the quasi-judicial and extra-judicial activities permitted by this Code, if the source of such

payments does not give the appearance of influencing the judge in his judicial duties or otherwise give the appearance of impropriety, subject to the following restrictions:

\* \* \* \* \* \*

"B. Expense Reimbursement. Expense reimbursement should be limited to the actual cost of travel, food, and lodging reasonably incurred by the judge and, where appropriate to the occasion, by his spouse. Any payment in excess of such an amount is compensation."

Canon 7(A)(1)(b): "Political Conduct in General.

"(1) A judge who is not a candidate for election or reelection should not:

\* \* \* \* \* \*

"(b) ... publicly endorse a candidate for public office except as permitted in subsection A(2)."

and the recommendation of the Board, as stated in Syllabus Point 1 of *In Re Pauley,* 175 W.Va. 475, 318 S.E.2d 418 (1984):

> " 'The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial Review Board [now Judicial Hearing Board] in disciplinary proceedings.' Syllabus Point 1, *W.Va. Judicial Inquiry Commission v. Dostert,* [165] W.Va. [233], 271 S.E.2d 427 (1980)."

As to the burden of proof the Judicial Investigation Commission must meet in these proceedings, we recognized in Syllabus Point 2 of *Matter of Harshbarger,* 173 W.Va. 206, 314 S.E.2d 79 (1984), that:

> " 'Under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding "must be proved by clear and convincing evidence." ' Syl. pt. 4, *In Re Pauley,* 173 W.Va. 228, 314 S.E.2d 391 (1983)."

■ Having made a de novo review of the record and the recommendation of the Board, we find the evidence does not clearly and convincingly prove Magistrate Romanello, did, in fact, commit the acts with which he was charged. The Board's findings of fact in this regard are plainly correct. We thus need not consider whether and to what extent such conduct would constitute a violation of the Code of Judicial Ethics.

The evidence before the Board can be briefly summarized. A.L. Bennett, a former magistrate for Summers County who filed the initial ethics complaint, was the only witness to testify in support of the charges. Mr. Bennett testified that Magistrate Romanello rode with him to a magistrate training course in Charleston in December, 1976. On cross-examination, however, he expressed uncertainty about whether the trip had occurred in December, and he could not remember in what hotel they had stayed.

Magistrate Romanello testified that he had attended a magistrate training session in Charleston on November 14, 1976. He denied riding to any training conference with Mr. Bennett and said he had driven his own automobile to the November, 1976 training session. He did admit submitting a travel voucher for a training session in 1981 or 1982 which mistakenly overstated the mileage he had driven. After discovery of the error and speaking to the administrative staff of this Court, he repaid the amount he had been erroneously reimbursed for travel expenses. This was the only instance of erroneous business expense reimbursement.

As to the allegation of improper political activity, Mr. Bennett testified that he had observed Magistrate Romanello passing out ballpoint pens and combs during lunch at a local restaurant on behalf of a person who was then a candidate for mayor of Hinton. Magistrate Romanello emphatically denied this allegation and denied engaging in any political activity on behalf of the mayoral candidate. He also indicated his dislike for the candidate and pointed out that he did not live within the municipality and hence was not eligible to vote in the city election. It also appears that there had been some history of ill will between Mr. Bennett and Magistrate Romanello.

We, therefore, concur with the findings of the Judicial Hearing Board that the charges were not proven by clear and convincing evidence and the complaint must therefore be dismissed.

Complaint Dismissed.