411 S.E.2d 847

**In the Matter of John A. WILSON, Magistrate of Mason County.**

**No. 19854.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1991.

Decided Nov. 4, 1991.

Charles R. Garten, Charleston, for the Judicial Investigation Com'n of West Virginia.

Ronald F. Stein, Shaw & Stein, Point Pleasant, for John A. Wilson, former Magistrate.

**PER CURIAM:**

This judicial proceeding was initiated by the Judicial Investigation Commission (hereinafter referred to as "the Commission") against former Mason County Magistrate John A. Wilson. The Commission charged Mr. Wilson with violation of Canon 1, Canon 2 A, and Canon 3 A(1), (2), (3), and (4) of the Judicial Code of Ethics.[1] The West Virginia Judicial Hearing Board (hereinafter referred to as "the Board"), prompted by the Commission's motion to dismiss the complaint, recommends to this Court that the charges against Mr. Wilson be dismissed. After an independent review of the record, we adopt the recommendation of the Board.

## I.

The allegations of misconduct upon which this matter is based purportedly occurred on July 5, 1990, in Mr. Wilson's office. According to the complaint filed with the Board, a woman whose son was to be arraigned had visited Mr. Wilson's office to discuss the arraignment. Mr. Wilson's secretary was out of the office, and Mr. Wilson and the woman proceeded to dis-

---

1. Canon 1 of the Judicial Code of Ethics provides as follows:

CANON 1—A Judge Should Uphold the Integrity and Independence of the Judiciary.

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

Canon 2 A provides:

CANON 2—A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities.

(A) A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Canon 3 A(1), (2), (3), and (4) provide:

CANON 3—A Judge Should Perform the Duties of His Office Impartially and Diligently.

The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:

A. Adjudicative Responsibilities.

(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.

(2) A judge should maintain order and decorum in proceedings before him.

(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity, and should require similar conduct of lawyers, and of his staff, court officials, and others subject to his direction and control.

(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.

cuss the son's case. Mr. Wilson allegedly indicated that he would assist the son in any possible manner. As the woman began to leave Mr. Wilson's office, Mr. Wilson allegedly grabbed the woman and tried to hug and kiss her several times. The woman pulled away from him and left his office. Within a few minutes, an officer brought the son before Mr. Wilson, and Mr. Wilson directed the officer to take the son to another magistrate.

The investigation of the matter by the Commission was initiated by a complaint filed by the woman, a resident of Mason County, on August 27, 1990. The Commission also discovered and alleged in its complaint that Mr. Wilson had previously made other improper sexual advances toward women whose cases were pending before him.

The Commission filed a complaint against Mr. Wilson with the Board on November 7, 1990. The complaint alleged that Mr. Wilson had violated Canon 1, Canon 2 A, and Canon 3 A(1), (2), (3), and (4) of the Judicial Code of Ethics. Specifically, the complaint alleged that Mr. Wilson had directed improper sexual advances toward women who had cases pending before him and had made improper sexual advances toward a woman who had visited Mr. Wilson's office to discuss the arraignment of her son.

At the commencement of the proceedings before the Board, the Commission moved to dismiss the complaint. Prior to the March 27, 1991, scheduled hearing date before the Board, a proposed compromise disposition had been negotiated by counsel for the Commission and counsel for Mr. Wilson. The proposal called for the resignation of Mr. Wilson, effective March 27, 1991, and the recommended dismissal of the complaint which had been filed by the Commission. The attorneys for the Commission advised the Board that the complaining witness was in agreement with the determination that dismissal was appropriate. Moreover, the Board was informed that Mr. Wilson had decided to submit his resignation and that Mr. Wilson had experienced a serious illness rendering him unable to attend the Board proceedings of March 27, 1991. Based upon Mr. Wilson's age, infirmity, and resignation, the Commission moved that the charges against Mr. Wilson be dismissed. The Board, after discussing the proposed resolution and any alternatives, determined that resolution by that means was appropriate and now requests this Court to affirm its determination.

## II.

We have consistently held that the Supreme Court of Appeals of West Virginia has the authority to "make an independent evaluation of the record and recommendations of the Judicial [Hearing] ... Board in disciplinary proceedings." Syl. Pt. 1, in part, *West Virginia Judicial Inquiry Comm'n v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427 (1980); *see also* Syl. Pt. 1, *In re Crislip*, 182 W.Va. 637, 391 S.E.2d 84 (1990). Thus, it is ultimately within the discretion of this Court to determine the appropriate reprimand for misconduct of this nature.

We addressed an issue similar to that raised in the present case in *Judicial Hearing Bd. v. Romanello*, 175 W.Va. 577, 336 S.E.2d 540 (1985). In *Romanello*, the Judicial Hearing Board had recommended that a complaint filed against Magistrate J.L. Romanello be dismissed based solely upon the fact that Mr. Romanello was no longer in office. We declined to adopt the recommended disposition, stating in the sole syllabus point that "[t]he fact that a judicial officer is no longer in office is not in itself a sufficient reason to dismiss a complaint filed with the Judicial Hearing Board."

Unlike the circumstances of the present case, Mr. Romanello was no longer in office due to the expiration of his term. In the present case, it appears from our review of the record that Mr. Wilson submitted his resignation, based in part, upon the charges against him and with the expectation that the charges would be dismissed in exchange. As we explained in *Romanello*, "we would be ill-advised to establish a precedent that would allow a judge or magistrate to escape punishment for violations of the Code of Ethics by resigning from office." *Romanello*, 175 W.Va. at 578, 336 S.E.2d at 541.

We do not waiver in our adherence to the principle that punishment for an ethical

violation may not be avoided by voluntary resignation. We do not believe that the simple act of voluntary resignation sufficiently acknowledges the seriousness of ethical misconduct. However, an evaluation of the unique circumstances of this case leads us to the conclusion that the combination of factors enumerated by the Board justifies dismissal of this complaint. In addition to the submission of his resignation, Mr. Wilson had experienced serious health problems, and the complaining witness had agreed that dismissal would be an appropriate resolution of this matter. For purposes of future matters, however, we would caution the Board that it should not be presumed that we will in all cases approve such compromises as an appropriate termination of charges for ethical violations. In such future cases, even where the Board recommends some compromise result, it should nevertheless hold a hearing in the matter so that we have a record before us upon which to make an independent evaluation.

Based upon the foregoing, we adopt the recommendation of the Judicial Hearing Board and permit the dismissal of the complaint against former magistrate John A. Wilson.

Complaint dismissed.