No. 50,485

*In re* INQUIRY RELATING TO DISTRICT JUDGE HAROLD L. HAMMOND

Original Proceeding Relating to Judicial Conduct

(585 P.2d 1066)

This is an original proceeding in discipline against the Honorable Harold L. Hammond, Judge of Division 2 of the Johnson County District Court at Olathe, in the Tenth Judicial District.

Formal proceedings before the Commission on Judicial Qualifications were commenced by the service of a Notice of Formal Proceedings on respondent and his counsel on August 4, 1977. Answer was filed September 22, 1977. The matter came on for hearing before the Commission on November 28, 1977. After both sides had presented evidence and rested, and after oral argument, the Commission took the matter under advisement. Thereafter, and on February 14, 1978, the Commission made written Findings of Fact, Conclusions of Law, and Recommendations. Judge Hammond accepted the Commission's Recommendation by written acceptance dated February 28, 1978. The matter was argued orally before this court on September 22, 1978, having been delayed by respondent's ill health and hospitalization.

Concisely, the Commission found these facts: that respondent, while serving as a district judge, had sexual relations in his chambers with one of his female employees; that he made demands for sexual relations with another; that sexual relations with the respondent were made a condition of the continued employment of each of the two female employees; and that one was terminated for refusing to continue a physical relationship with respondent, and the other for refusing to have such a relationship. Respondent, having accepted the Commission's recommendations, cannot now challenge the Commission's findings of fact, and he does not attempt to do so.

The Commission concluded that respondent's acts constituted violations of Canons 1, 2A and 3B (4) of the Canons of Judicial Conduct, adopted by this court as a part of Rule 601. These Canons read in applicable part as follows:

Canon 1.  "An independent and honorable judiciary is indispensable to justice

in our society. A judge should participate in establishing, maintaining and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective."

Canon 2A. "A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

Canon 3B (4). "A judge should not make unnecessary appointments. He should exercise his power of appointment only on the basis of merit, avoiding nepotism and favoritism. . . ."

We agree with the Commission that respondent's acts constitute violations of these Canons. The acts are inimical to and incompatible with the high standards of conduct imposed upon members of the judiciary. The exacting or the demanding of sexual favors as a condition of employment is reprehensible.

The Commission recommended that respondent be disciplined by public censure and by suspension without pay for a period of six months. Respondent accepted those recommendations. This court, however, is not bound by the recommendations of the Commission. The infractions established are most flagrant; they were willful; and they reflect adversely upon the judiciary. Such conduct merits discipline no less substantial than that recommended by the Commission, and perhaps removal from office.

However, since respondent filed his acceptance of the Commission's Recommendation of discipline, he has suffered extensive cardiovascular disease, and has become totally and permanently disabled. He has been retired from his judgeship because of such disability. In view of his retirement, suspension or removal is unnecessary.

We conclude that Harold L. Hammond should be and he is hereby publicly censured by this court, and directed to pay the costs of this proceeding. This order shall be published in our Reports, and shall constitute the public record in this matter.

IT IS SO ORDERED.

Dated at Topeka, Kansas this 28th day of October, 1978.