### In re George M. Fienberg

[430 A.2d 1282]

No. 330-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed April 29, 1981

*Oreste V. Valsangiacomo, Jr.,* Barre, for Plaintiff.

*A. Luke Crispe* and *Robert Grussing, III,* Brattleboro, for Defendant.

Per Curiam. The formal complaint is dismissed.

Hill, J., concurring. I concur with the result reached by the majority of my brothers. It seems fitting that my reasons for this decision be placed upon the record.

I recognize that in the course of a proceeding the irritations and frustrations experienced by court and counsel may erupt in some unpredictable manner. In those instances, however, the burden is on the court to exercise that quality of fairness and evenhandedness which the citizens of this state expect of their judiciary. While some deviation from this standard may be overlooked, the actions of Judge Fienberg in this case cannot be condoned.

However, the report and recommendation of the Judicial Responsibility Board was filed with this Court in January of this year. Judge Fienberg had been retired by operation of law on December 31 last. It is my belief that any action we

might take pursuant to the recommendation from the Board has, for that reason, been foreclosed. Having retired, Judge Fienberg is no longer subject to being disciplined as a judge. *In re DeLucia,* 76 N.J. 329, 336, 387 A.2d 362, 366 (1978) ("Having resigned, respondent is no longer subject to being disciplined as a judge . . . ."). Since the Board's jurisdiction is limited to recommending action upon a member of the bench, we no longer are able to adopt that body's suggestion. I therefore must regretfully reject the recommendation of the Board.

The dissent, while ignoring the legal and jurisdictional principles involved in this issue, also speaks righteously of "influences not of record" as a reason for our decision today. Such vague innuendo does nothing constructive to resolve the problem at hand, especially since Mr. Justice Billings refuses to divulge what strange conspiratorial forces he perceives lurking in the corners of our decision.

Billings, J., dissenting. I respectfully dissent from the majority order, filed without reasons or explanation, rejecting the recommendation of the Judicial Responsibility Board for a public reprimand. It is my view that the Board found serious violations of the Code of Judicial Conduct which the respondent did not contest on appeal. I believe that the recommendation of the Board was justified under the facts found. I cannot subscribe to the majority view which sweeps these violations under the rug, particularly when the majority fails to articulate any reason or basis therefor. I can only conclude that influences not of record have governed the majority decision.

I also disagree with the concurring opinion. The courts that have addressed the issue have held that the resignation or retirement of a judge does not preclude the exercise of disciplinary authority against him. *In re DeLucia,* 76 N.J. 329, 387 A.2d 362 (1978); *In re Peoples,* 296 N.C. 109, 250 S.E.2d 890 (1978). See also *In re Hammond,* 224 Kan. 745, 585 P.2d 1066 (1978). It would indeed be a travesty if a judge could avoid the full consequences of his misconduct by resigning or retiring from office after disciplinary proceedings have been commenced. *In re Peoples, supra,* 296 N.C. at 150–51, 250 S.E.2d at 914. This is especially true in view of the provisions

of 4 V.S.A. § 22, under which a judge can be recalled for further services, and 4 V.S.A. § 75, under which a judge can conclude causes which he had previously heard in full or in part. The concurring opinion suggests, citing *In re DeLucia, supra,* that a judge who has retired or resigned is not subject to discipline as a judge, but only as an attorney. If this were the case, then side judges and probate judges, who need not be attorneys in Vermont, could entirely avoid the disciplinary authority of this Court by resigning from office. I am convinced that the judicial conduct rules never intended such a result and that to interpret the rules in accordance with the concurring opinion would emasculate them and thwart the Court's duty to preserve and protect the integrity of the judiciary.