668 P.2d 296

**In re Inquiry Concerning a Judge Pat ROMERO.**

**No. 14803.**

Supreme Court of New Mexico.

June 24, 1983.

David Gardner, Executive Director, Judicial Standards Com'n, Albuquerque, Winston Roberts-Hohl, Santa Fe, for Com'n.

Michael L. Gregory, Las Vegas, for respondent.

## OPINION

FEDERICI, Justice.

The New Mexico Judicial Standards Commission previously heard and considered evidence against Respondent under formal proceedings before the Commission. After said hearings the Commission prepared its report, entered its findings of fact and certified the Commission recommendations to the Supreme Court of New Mexico.

The Commission's findings of fact reflect that the Respondent was elected to the office of State Magistrate Judge, Division I, San Miguel County, New Mexico, and served in such capacity from January 1, 1971, until December 31, 1982. He was not re-elected to that office. In addition to serving as a Magistrate Judge, Respondent has served as Municipal Judge of the Court of Las Vegas, New Mexico, from April 1970 to the present time. In March 1982, he was elected for an additional two year term as Municipal Judge for a term expiring in 1984. The incident which precipitated the disciplinary proceedings against the Respondent occurred during the Respondent's previous term of office as a Magistrate Judge.

On June 17, 1982, Jack Kenneth Stevens was involved in a domestic dispute with his wife, Ramona Sena Stevens, in Las Vegas, New Mexico. As a result of the dispute, Ramona Stevens contacted the office of District Attorney of the Fourth Judicial District requesting that criminal charges be filed against her husband. Subsequently, the office of District Attorney approved the filing of a criminal complaint against Jack Stevens and the case was docketed in Respondent's court. Jack Stevens was charged with two criminal offenses and was arrested and held in custody pursuant to such charges. Jack Stevens' mother, Mrs. Inez Stevens, posted a cash bond in the amount of $200.00 with the Sheriff of San Miguel County to obtain the release of her son from jail. Respondent has denied that he authorized or designated any person on his behalf to set bail or release any person charged in his court.

Thereafter, on or about October 5, 1982, Mrs. Inez Stevens accompanied by another son, Jerry Stevens, who was not the defendant, nor otherwise involved in the case, went to the office of the Respondent to inquire about the possibility of obtaining the return of the posted cash bail bond.

The Commission's findings further show that the Respondent acted in a rude and angry manner toward Mrs. Stevens and her son, Jerry Stevens, and he informed his secretary to forfeit the bond for Jack Stevens even though no trial had been held and no plea had been entered for or on behalf of defendant. When informed by Mrs. Stevens and the defendant's brother that the defendant, Jack Stevens, was not personally before the court, and that no date had been set for him to appear, the Respondent nevertheless replied, "what's the difference—a Stevens is a Stevens." The Respondent directed his secretary to forfeit defendant's bond money and directed defendant's mother to surrender her written receipt evidencing that she had paid the money for defendant's bond. When Mrs. Inez Stevens was informed by the Respondent that she could not receive a refund of the bond money that she had posted for her son, she then requested that the return of

her receipt for the bond money to evidence her payment of the money. The judge's response to Mrs. Inez Stevens was that he would not return the bond money receipt and further advised her that "that takes care of the fine."

The Commission's findings also show that the Respondent did not comply with the provision of NMSA 1978, Magis.Crim.R. 18(a)(3) (Repl.Pamp.1981), which requires that when a defendant is not released on recognizance the court "require the execution of an appearance bond on a form which has been approved by the supreme court. * * *" During the time material hereto, NMSA 1978, Sections 35–5–5 and 35–5–7(B) and NMSA 1978, Section 35–6–2 were in effect. Section 35–5–5 provides:

Whenever bail is received in any criminal action, the magistrate or person designated by the magistrate to accept bail shall complete the criminal bail receipt, require the defendant's acknowledgement of receipt of the form on all copies and deliver the original to the defendant. The magistrate shall file the second copy of the bail receipt with his standardized monthly report, and the third copy shall be retained by the magistrate.

Section 35–5–7(B) provides:

B. Any magistrate, who violates any provision of Sections 35–5–2 through 35–5–6 NMSA 1978, is guilty of a petty misdemeanor and shall be removed from office.

Section 35–6–2 provides in relevant part:

[E]ach magistrate shall keep posted at all times in a conspicuous place in his courtroom, a plain and legible:

\* \* \*.

(2) a notice in letters at least two inches high reading as follows: "NOTICE TO PUBLIC—The magistrate court is required to forthwith give official receipts itemizing all money paid to the court. Secure your receipt when payment is made."

B. Any magistrate who violates this section is guilty of a petty misdemeanor and shall be removed from office.

Furthermore, NMSA 1978, SC Misc.Order 8000, promulgated May 18, 1977, by this Court, adopted criminal forms for use by the magistrate courts effective October 1, 1977, specifying that a magistrate judge or his designee detail the terms of the release of a defendant in each case. NMSA 1978, Criminal Forms for the District Courts and Courts of Limited Jurisdiction, Form 3.10 (Cum.Supp.1982). At all material times herein, the Respondent had a copy of the New Mexico Magistrate Benchbook, which provides that it is the affirmative duty of a magistrate to issue a criminal bail receipt upon payment of a cash deposit as appearance of a bond.

The Respondent was charged with three alleged counts of misconduct or inability to perform the duties of a judge through notice of formal proceedings. Respondent orally denied any misconduct in office or inability to perform his judicial duties. The subject bond money is still being held in the bank account of the San Miguel County Magistrate Court.

Based upon the foregoing summarized findings, the Commission members who heard the evidence concluded that: (1) the acts of Respondent constitute a refusal or inability to perform his judicial duties as charged in Count I of the Notice of Formal Proceedings; (2) the acts of Respondent constitute willful misconduct in office as charged in Count II of the Notice of Formal Proceedings; and (3) the acts of Respondent constitute a violation of NMSA 1978, Code of Judicial Conduct, Canon 3 A(3) and (4), (Repl.Pamp.1981 and Cum.Supp.1982) in that Respondent was not patient, dignified or courteous to those with whom he dealt in his official capacity. Count III of the Notice of Formal Proceedings was dismissed.

Based upon its findings and conclusions, the Commission recommended to the Supreme Court that the Respondent be "disciplined or removed" from office.

Respondent urges that under the facts of this case, the Judicial Standards Commission and this Court are without jurisdiction to proceed. We disagree. The New Mexico Judicial Standards Commission and this Court have jurisdiction over these proceedings under N.M.Const., art. VI, §§ 1 & 32. Section 1 provides:

The judicial power of the state shall be vested in the senate when sitting as a court of impeachment, a supreme court, a court of appeals, district courts; probate courts, magistrate courts and such other courts inferior to the district courts as may be established by law from time to time in any district, county or municipality of the state. (As amended September 28, 1965, and November 8, 1966.)

Section 32 provides, in pertinent part:

In accordance with this section, any justice, judge or magistrate or any court may be disciplined or removed for willful misconduct in office or willful and persistent failure to perform his duties. * * * The commission may, after investigation it deems necessary, order a hearing to be held before it concerning the discipline, removal or retirement of a justice, judge or magistrate. * * * After hearing or after considering the record and the findings and report of the masters, if the commission finds good cause, it shall recommend to the supreme court the discipline, removal or retirement of the justice, judge or magistrate.

The supreme court shall review the record of the proceedings on the law and facts * * * and it shall order the discipline, removal or retirement as it finds just and proper. * * *

Since these proceedings are directed against Respondent as Municipal Judge for acts which occurred during Respondent's previous term as a *Magistrate Judge,* Respondent urges that the Commission and this Court should dismiss these proceedings under rules of law announced in *State v. Santillanes,* 99 N.M. 89, 654 P.2d 542 (1982); *In re Thaxton,* 78 N.M. 668, 437 P.2d 129 (1968) and *Territory v. Sanches,* 14 N.M. 493, 94 P. 954 (1908). We disagree.

We have reviewed the cases cited by Respondent and find them distinguishable. The rules announced in *Santillanes, Thaxton* and *Sanches* are applicable to removal

of *public officials,* based upon specific statutory and constitutional provisions for removal of public officials. In those cases no violation of a Code of Judicial Conduct was involved.

 Respondent is a Municipal Judge and as such is subject to, and governed by, an independent Code of Judicial Conduct. NMSA 1978, Code of Judicial Conduct, Canon 7 (Repl.Pamp.1981). The conduct for judges prescribed by the Canons demand that a judge should observe high standards of conduct, should maintain professional competence, should be patient, dignified and courteous, should perform the duties of his office diligently and should discharge his administrative responsibilities in a competent manner. NMSA 1978, Code of Judicial Conduct, Canon 2 and Canon 3 (Repl.Pamp. 1981 and Cum.Supp.1982). The conduct prescribed for judges and justices is more stringent than conduct generally imposed on other public officials. The material aspect of this case is that the acts for which disciplinary proceedings have been instituted occurred while the Respondent was acting in a judicial capacity.

 Previous acts of misconduct on the part of a judge or justice, committed in his official capacity as a judge or justice during a prior term of judicial office, follow the judge to any subsequent judicial office. These acts of misconduct may be the subject of disciplinary proceedings before the Judicial Standards Commission during a present and different term of judicial office held by that judge or justice.

On the issue of removal for misconduct of judges committed in a prior term, *see Stanley v. Jones,* 197 La. 627, 2 So.2d 45 (1941), (the Supreme Court of Louisiana denied the defendant's motion to rescind the order removing him from the office of District Court Judge for the Parishes of Natchitoches and Red River, Louisiana. For specific charges, not fully developed in the opinion, the court held that an incumbent judicial office holder could be removed from office because of his misconduct committed during a prior term of office); *see also* Annot., 42 A.L.R.3d 691, 712 (1972); Annot., 53 A.L. R.3d 882, 931 (1973).

On the issue of whether violations of the Canons of Judicial Ethics warrant disciplining procedures against judges, *see Napolitano v. Ward,* 457 F.2d 279 (7th Cir.1972), (the United States Court of Appeals affirmed the removal of an Illinois circuit judge of Cook County, Illinois, for misconduct involving the administration and management of the Illinois State Fair. While the defendant judge was only named as a non-indicted co-conspirator, because he had been granted transactional immunity in exchange for his testimony before the Grand Jury, he nonetheless could be removed from his judicial office because his conduct violated applicable Canons of Judicial Ethics adopted by the Illinois Judicial Conference), *cert. denied,* 409 U.S. 1037, 93 S.Ct. 512, 34 L.Ed.2d 486 (1972); *see also* Annot., 53 A.L. R.3d 882, 933 (1982).

 We recognize that the acts on the part of Respondent reflect negligent and reprehensible conduct. However, we feel that they do not rise to the level of "willful misconduct" as that phrase is generally defined in disciplinary proceedings. (*See Matter of Martinez,* 99 N.M. 198, 656 P.2d 861 (1982)).

THEREFORE, IT IS ORDERED that the Respondent be and he hereby is suspended from office for a period of thirty days beginning on the date the mandate is issued in this case. In addition, he shall forfeit his salary as Municipal Judge during his suspension and shall pay costs in the amount of $298.96. Judge Romero is prohibited from acting in his judicial capacity in any manner whatsoever during his suspension.

IT IS SO ORDERED.

PAYNE, C.J., DAN SOSA, Jr., Senior Justice, and RIORDAN and STOWERS, JJ., concur.