508 So.2d 329 (1987)
In re Inquiry Concerning a Judge, re: KAY, Brian P.
No. 69672.
Supreme Court of Florida.
June 4, 1987.
Kathleen T. Phillips, Chairman and John S. Rawls, General Counsel, Tallahassee and Richard L. Hersch, Special Counsel for the Florida Judicial Qualifications Com'n, Coral Gables, for petitioner.
Dale R. Sanders of Lyons and Sanders Chartered, Fort Lauderdale, for respondent.
PER CURIAM.
We have for review the Judicial Qualifications Commission's uncontested report recommending that Judge Brian P. Kay be publicly reprimanded. We have jurisdiction. Art. V, § 12, Fla. Const.
The Commission found that Kay:
1. As a candidate for judicial office in a non-partisan race, join[ed] with two other judicial candidates in promoting and financing the mailing of approximately 122,000 "Sample Ballots" and that the aforesaid "Sample Ballots" had a striking resemblance to the official sample ballot promulgated by the Broward County Supervisor of Elections.
2. Contribute[d] approximately $5,000, that being one-third of the cost of printing and mailing the aforesaid sample ballots, into a pool of money in which two other judicial candidates contributed, such contribution being in violation of 105.071, F.S.
3. Give [Gave] the appearance, through the "Sample Ballots", that the partisan "Democratic" or "Republican" parties endorsed his candidacy in this non-partisan race.
4. Give [Gave] the appearance, on page ten of said "Sample Ballot", that each judicial officer endorsed the other.
5. Fail[ed] to file any disclaimer in said sample ballots as to the appearance of a partisan political party endorsement.
Based on these facts, the Commission found Kay in violation of Canon 1 (duty to maintain high standard of judicial conduct to preserve judicial integrity and independence), Canon 2(A) (duty of judge to respect and comply with law and conduct himself in manner which promotes public confidence in judicial integrity and impartiality), *330 and Canon 7(B) (duty of judicial candidate to maintain dignity appropriate to judicial office and not misrepresent any fact) of the Code of Judicial Conduct, as well as section 105.071, Florida Statutes (1985).[*]
The Commission made the following recommendations:
Judge Kay testified that he relied on the advice of other lawyers before embarking on this joint venture. Specifically, he inquired of one lawyer whether the ballot would be viewed as an illegal endorsement of the other two candidates. This lawyer advised him that the sample ballot concept had previously been used and that the format was akin to taking out an ad in the newspaper. However, Judge Kay failed to show the finished product, a much different document than that discussed in the abstract, to such lawyer.
The Commission has seen a genuine and sincere showing of remorse by Judge Kay. The Commission does not believe that Judge Kay acted with malice or deceptive intent. In view of Judge Kay's candor and demeanor during these proceedings, it is the finding of the Commission that a recommendation of removal from office is inappropriate. However, the Commission does bring to this Court's attention the fact that it is increasingly receiving major complaints in non-partisan judicial elections, and recommends that in the Court's opinion herein, candidates in future non-partisan elections be warned as to the drastic consequences which might be imposed by reason of such violations.
IN VIEW OF THE PREMISES, it is the finding of the Commission that the conduct of Judge Kay does not demonstrate a present unfitness to hold office.
By an affirmative vote of not less than nine members, the Commission hereby recommends that the Supreme Court publicly reprimand Brian P. Kay for the violations cited in the foregoing findings of fact.
We approve the Commission's findings and recommendation of discipline. Accordingly, we hereby publicly reprimand Judge Brian P. Kay and forewarn future candidates of non-partisan elections that more severe disciplinary measures may be imposed for such violations.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[*] Section 105.071 provides in pertinent part:

A candidate for judicial office shall not:
.....
(2) Campaign as a member of any political party.
(3) Publicly represent or advertise himself as a member of any political party.
(4) Endorse any candidate.
.....
(10) Make any contribution to any person, group, or organization for its endorsement to judicial office.
(11) Agree to pay all or any part of any advertisement sponsored by any group, person, or organization wherein the candidate may be endorsed for judicial office by any such person, group, or organization.