508 So.2d 8 (1987)
In re INQUIRY CONCERNING a JUDGE, re: Linda Raspolich PRATT.
No. 69671.
Supreme Court of Florida.
June 4, 1987.
*9 Kathleen T. Phillips, Chairman and John S. Rawls, General Counsel, Tallahassee and Richard L. Hersch, Special Counsel for the Florida Judicial Qualifications Com'n, Coral Gables, for petitioner.
Joseph C. Jacobs of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for respondent.
PER CURIAM.
We have for review the Judicial Qualifications Commission's uncontested report recommending that Judge Linda Raspolich Pratt be publicly reprimanded. We have jurisdiction. Art. V, § 12, Fla. Const.
The Commission found that Pratt:
1. As a candidate for judicial office in a non-partisan race, join[ed] with two other judicial candidates in promoting and financing the mailing of approximately 122,000 "Sample Ballots" and that the aforesaid "Sample Ballots" had a striking resemblance to the official sample ballot promulgated by the Broward County Supervisor of Elections.
2. Contribute[d] approximately $5,000, that being one-third of the cost of printing and mailing the aforesaid sample ballots, into a pool of money in which two other judicial candidates contributed.
3. Give [Gave] the appearance, through the "Sample Ballots", that the partisan "Democratic" or "Republican" parties endorsed her candidacy in this non-partisan race.
4. Give [Gave] the appearance, on page ten of said "Sample Ballot", that each judicial officer endorsed the other.
5. Fail[ed] to file any disclaimer in said sample ballots as to the appearance of a partisan political party endorsement.
Based on these facts, the Commission found Pratt in violation of the Code of Judicial Conduct, Canon 1 (duty to maintain high standard of judicial conduct to preserve judicial integrity and independence), Canon 2(A) (duty of judge to respect and comply with law and conduct himself in manner which promotes public confidence in judicial integrity and impartiality), and Canon 7(b) (duty of judicial candidate to maintain dignity appropriate to judicial office and not misrepresent any fact); the Code of Professional Responsibility,[1] Disciplinary Rules 1-102(A) (conduct violating a disciplinary rule, conduct involving misrepresentation) and 2-102(A) (use of a professional notice or device containing a false, fradulent, misleading, or deceptive statement); as well as section 105.071, Florida Statutes (1985).[2]
*10 The Commission made the following recommendations:
Judge-Elect Pratt expressed concern at the outset of this venture as to the possibility of an illegal endorsement of the other two judicial candidates. The lawyers she consulted allayed her concerns; however, she failed to show the finished product to anyone she had consulted. The Commission heard testimony that similar "sample ballots" had been used in Broward County in the past. In view of Judge Pratt's candor and demeanor during these proceedings, it is the finding of the Commission that a recommendation of removal from office is inappropriate. However, the Commission does bring to this Court's attention the fact that it is increasingly receiving major complaints in non-partisan judicial elections, and recommends that in the Court's opinion herein, candidates in future non-partisan elections be warned as to the drastic consequences which might be imposed by reason of such violations.
IN VIEW OF THE PREMISES, it is the finding of the Commission that the conduct of Judge Pratt does not demonstrate a present unfitness to hold office.
By an affirmative vote of not less than nine members, the Commission hereby recommends that the Supreme Court publicly reprimand Linda Raspolich Pratt for the violations cited in the foregoing findings of fact.
We approve the Commission's findings and recommendation of discipline. Accordingly, we hereby publicly reprimand Judge Linda Raspolich Pratt and forewarn future candidates of non-partisan elections that more severe disciplinary measures may be imposed for such violations.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[1] The Code of Professional Responsibility has been superceded by the Rules Regulating the Florida Bar, effective January 1, 1987. The Florida Bar Re Rules Regulating the Florida Bar, 494 So.2d 977 (Fla. 1986).
[2] Section 105.071 provides in pertinent part:

A candidate for judicial office shall not:
.....
(2) Campaign as a member of any political party.
(3) Publicly represent or advertise himself as a member of any political party.
(4) Endorse any candidate.
.....
(10) Make any contribution to any person, group, or organization for its endorsement to judicial office.
(11) Agree to pay all or any part of any advertisement sponsored by any group, person, or organization wherein the candidate may be endorsed for judicial office by any such person, group, or organization.