522 So.2d 843 (1988)
INQUIRY CONCERNING A JUDGE, re Irwin A. BERKOWITZ.
No. 69673.
Supreme Court of Florida.
April 14, 1988.
Thomas C. MacDonald, Jr., Chairman, Tampa, Roy T. Rhodes, General Counsel, Tallahassee, and Richard Hersch of the Law Offices of Richard Hersch, Sp. Counsel, Coral Gables, for Florida Judicial Qualifications Com'n, petitioner.
Leo Greenfield and Harvie S. DuVal of Greenfield & DuVal, North Miami, for respondent.
William T. Laswell, President, Fort Lauderdale, amicus curiae for Broward County Criminal Defense Attorneys, Inc.
PER CURIAM.
We have for review the Judicial Qualifications Commission's findings that Judge Irwin A. Berkowitz' conduct demonstrates a present unfitness to hold office and its recommendation that he be removed from office. We have jurisdiction pursuant to article V, section 12 of the state constitution, and approve and adopt the JQC's findings and recommendations and remove Berkowitz from his office of circuit judge.
In November 1986 the JQC formally charged Berkowitz with election campaign improprieties, giving willfully deceptive testimony before the JQC, and misuse of trust accounts while a practicing attorney. After formal hearing on these charges, the JQC delayed making its findings and recommendations due to Berkowitz' failure to produce or disclose trust records and other material. Following further investigation, the JQC filed more charges against Berkowitz, including additional trust account violations, further instances of deception, practicing law while a judge, and failing to file accurate tax returns. The JQC held another hearing in October 1987, following which it found Berkowitz guilty of the charges against him and, therefore, presently unfit to hold judicial office.
In his response Berkowitz raises numerous issues, all of which are without merit and none of which is adequate to refute the JQC's findings and recommendations.[1] Berkowitz testified before the commission several times, and, each time, his testimony changed. The JQC found Berkowitz' willful deception, by itself, sufficient to warrant removal. We agree that lying to the JQC is very serious because the "integrity of the judicial system, the faith and confidence of the people in the judicial process, and the faith of the people in the particular judge are all affected by the false statements of a judge." In re Leon, 440 So.2d 1267, 1269 (Fla. 1983).
*844 We are equally concerned with Berkowitz' continuing to practice law after assuming office. Both article V, section 13 of the state constitution and Canon 5 F of the Code of Judicial Conduct prohibit judges from practicing law. Berkowitz' continued representation of his client did not come under the exceptions contained in the "Effective Date of Compliance" section of the Code of Judicial Conduct.[2] Rather, his actions appear to be a knowing and deliberate violation motivated primarily by greed and cannot be excused. An independent impartial judiciary free of conflicts of interest is the cornerstone of our judicial system. Continuing to practice law after becoming a judge, as Berkowitz did, cannot be tolerated.
The other charges against Berkowitz may appear less serious in comparison to his deception and continuing to practice law, but they contribute to the composite of his present unfitness to hold office. Berkowitz tried to explain away the trust account violations as the result of oversight and bad bookkeeping which never resulted in loss by a client. In reality, however, these violations occurred during the entire time Berkowitz practiced law and involved all of his trust accounts, encompassing hundreds of checking transactions, and demonstrate a total lack of concern with doing what is right and correct. We also agree with the JQC that it is difficult to believe that a business major who was graduated summa cum laude, and who had been in practice for several years, would not understand how to report gross receipts on his tax return. Finally, even though the campaign irregularities produced public reprimands for the other participants,[3] the JQC found Berkowitz' testimony on this subject to be deceptive, in contrast to the other judges' testimony.
This Court will not lightly remove a sitting judge from office. E.g., In re Boyd, 308 So.2d 13 (Fla. 1975); In re Dekle, 308 So.2d 5 (Fla. 1975); In re Kelly, 238 So.2d 565 (Fla. 1970). Here, however, the JQC's findings illustrate a serious character flaw. On the totality of the circumstances it appears that Berkowitz is basically dishonest. His conduct, both while a judge and while a practicing attorney, demonstrates a propensity to skate close to the edge. Apparently, he is unconcerned about taking an expedient or ill-considered course rather than one tempered by consideration of and reflection on the rightness or wrongness of the action. His conduct is a direct contradiction of Canon 1 of the Code of Judicial Conduct which provides that a judge "should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct" and Canon 2 which provides that a judge "should respect and comply with the law." By his conduct Berkowitz also violated the standard that a judge should, at all times, conduct himself or herself in a manner that promotes public confidence in the judicial system. In re LaMotte, 341 So.2d 513 (Fla. 1977); Fla. Bar Code Jud. Conduct, Canon 2.
Article V, subsection 12(f), Florida Constitution, declares that, upon recommendation of two-thirds of the members of the JQC, this Court can remove a judge from office with termination of compensation for conduct unbecoming a member of the judiciary demonstrating a present unfitness to hold office. Considering the totality of the circumstances surrounding the actions of Berkowitz, we agree with the JQC that Irwin A. Berkowitz exhibits a present unfitness to hold judicial office. We therefore remove Berkowitz from the circuit court for the seventeenth judicial circuit without compensation immediately upon the filing of this opinion, at which time a vacancy will exist on that court.
It is so ordered.
*845 OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
McDONALD, C.J., dissents with an opinion.

NO MOTION FOR REHEARING WILL BE ALLOWED.
McDONALD, Chief Justice, dissenting.
I agree that the acts of Judge Berkowitz are reprehensible and that he should be punished for them. Our options are limited to private reprimand, public reprimand, and removal from office. Art. V, § 12, Fla. Const. In my judgment, Berkowitz should be punished by something greater than a public reprimand, but less than removal, if that option were available. Because it is not, I would stop at a public reprimand because I am not satisfied that there is a showing that he is presently unfit to hold office. He seems to possess the requisite tools and capabilities to adequately perform his judicial functions. Many private citizens, lawyers, and fellow judges have said so.
I am disturbed especially about his inconsistent testimony. Nevertheless, I would give him the benefit of the doubt by concluding that differences in what he told the JQC from time to time were not intentional and do not justify or require a finding of present unfitness to hold office.
NOTES
[1] The JQC's findings of guilt must be predicated on clear and convincing evidence. The record supports the instant findings.
[2] This portion of the code provides, in part:

A person to whom this Code becomes applicable should arrange his affairs as soon as reasonably possible to comply with it. If, however, the demands on his time and the possibility of conflicts of interest are not substantial, a person who holds judicial office on the date this Code becomes effective may:
(a) continue to act as an officer, director, or nonlegal advisor of a family business;
(b) continue to act as an executor, administrator, trustee, or other fiduciary for the estate or person of one who is not a member of his family.
[3] In re Kay, 508 So.2d 329 (Fla. 1987); In re Pratt, 508 So.2d 8 (Fla. 1987).