OPINION OF THE COURT
Per Curiam.
Petitioner, a Town Court Justice in Northampton since 1985, brings this proceeding to review a decision of respondent finding him guilty of five charges of misconduct and determining that the sanction of removal is appropriate. In its decision sustaining the charges, respondent found that petitioner routinely sought out and interviewed witnesses outside of court and made judgments based on their unsworn ex parte communications; that he berated a teen-age boy whom he believed to be carrying an open container outside a restaurant and used intemperate language and threatened harsh treatment if the youth appeared in his court; that on one occasion he arraigned, accepted a guilty plea from, and sentenced a person appearing before him as a complaining witness in an unrelated matter although no accusatory instrument was filed and the person was never informed of the charges; that he failed to disqualify himself from hearing two criminal cases even though he was a witness to the events underlying the charges; and that as a condition to his agreement to accept a guilty plea from a teen-ager, petitioner, apparently acting in some self-appointed prosecutorial role, insisted that the teen-ager sign a statement implicating a third person in an alleged *660 crime petitioner had heard about through private conversations.
Based on these findings, the Commission unanimously determined that petitioner violated the following sections of the Rules of the Chief Adminstrator of the Courts Governing Judicial Conduct (22 NYCRR): §§ 100.1 (upholding the independence and integrity of the judiciary), 100.2 (avoiding impropriety or the appearance of impropriety), 100.3 (a) (1) (being faithful to the law and unswayed by partisan interests); § 100.3 (a) (4) (avoiding ex parte communications); and § 100.3 (c) (1) (i) (disqualifying self in proceedings where impartiality may be questioned because of personal knowledge of disputed facts) (see also, Code of Judicial Conduct Canons 1, 2, 3 [A] [1], [4]; and 3 [C] [1] [a]). A majority of the Commission determined that removal was the appropriate sanction for these violations while four members voted that petitioner should be censured.
The evidence substantiates respondent’s findings and we accordingly confirm the determinations of petitioner’s guilt. Petitioner argues that the charge concerning his verbal abuse of the teen-age boy should be dismissed because there was insufficient evidence of petitioner’s intoxication. There is no merit to this contention. The basis for this charge was not public intoxication but intemperate behavior. Nor do we find merit in petitioner’s argument that the charges concerning ex parte communications were insufficiently specific.
We also reject the contention that the charges should not be sustained in view of petitioner’s status as a nonlawyer and his lack of training. Ignorance and lack of competence do not excuse violations of ethical standards. As a Judge, petitioner had an obligation to learn about and obey the Rules Governing Judicial Conduct (see, Matter of Fabrizio, 65 NY2d 275, 277). In addition, we agree with respondent’s rejection of the argument that the charges reflect mere occasional lapses in judgment. On the contrary, the evidence demonstrates a pattern of injudicious behavior and inappropriate actions which cannot be viewed as acceptable conduct by one holding judicial office. Petitioner’s remaining contentions regarding his guilt are without merit.
Finally, in reviewing petitioner’s contention that the sanction imposed is too severe, we must recognize "that the purpose of judicial disciplinary proceedings is 'not punishment but the imposition of sanctions where necessary to safeguard the Bench from unfit incumbents’ ” (Matter of Reeves, 63 *661 NY2d 105, 111, quoting Matter of Waltemade, 37 NY2d [a], [lll]). We agree with the majority of the Commission that the charges taken collectively demonstrate that "respondent has shown that he poses a threat to the proper administration of justice and is not fit to be a judge”.
Accordingly, the determined sanction of the State Commission on Judicial Conduct should be accepted, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Honorable Leroy A. VonderHeide removed from the office of Justice of the Northampton Town Court.