573 So.2d 1 (1990)
In re Inquiry Concerning a Judge, re Jack TURNER.
No. 77087.
Supreme Court of Florida.
December 20, 1990.
J. Klein Wigginton, Chairman and Roy T. Rhodes, Gen. Counsel, Florida Judicial Qualifications Com'n, Tallahassee, for petitioner.
Jack Turner, Miami, in pro. per.
PER CURIAM.
This proceeding is before the Court for review of a recommendation of the Judicial Qualifications Commission and for the entry of an appropriate judgment on a matter of judicial discipline.
The Judicial Qualifications Commission served a notice of formal charges on Circuit Judge Jack Turner of the Eleventh Judicial Circuit.[*] The notice reads as follows:
YOU ARE HEREBY ADVISED that the Florida Judicial Qualifications Commission, by a vote of at least seven members of said Commission, at its meeting in Tampa, Florida, on December 7, 1990, has determined, pursuant to Rules 2B(2) and 7 of the Florida Judicial Qualifications Commission Rules, that probable cause exists and that formal proceedings should be instituted against you.
Such formal proceedings are hereby instituted to inquire into the following charges against you:
1. You contacted attorneys practicing in Dade County seeking help for your son who was at that time an announced candidate for Dade County Court Judge.
2. You called your son's opponent's honorary chairman, lawyer and State Representative Cosgrove, D-South Dade, relating to why he was backing your son's opponent.
3. You solicited your fellow judges by written memo to give your son guardian ad litem appointments.
4. All of this came to public attention in late October and early November, 1990, as a result of two newspaper articles about you (see Ex. A, Miami Review, October 21, 1990, and Ex. B, The Miami Herald, November 2, 1990).
The aforesaid conduct, if true, is in violation of the following provisions of the Code of Judicial Conduct:

Canon 1: A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY.
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this code should be construed and applied to further that objective.

Canon 2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE *2 OF IMPROPRIETY IN ALL HIS ACTIVITIES.
A. A judge should respect and comply with the law and should always conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his personal relationships to influence his judicial conduct or judgment.

Canon 7: A JUDGE SHOULD REFRAIN FROM POLITICAL ACTIVITY INAPPROPRIATE TO HIS JUDICIAL OFFICE.
A.(1) A judge or a candidate for election to political office should not:
(b) make speeches for a political organization or candidate or publicly endorse a candidate for public office.
(4) A judge should not engage in any other political activity except on behalf of measures to improve the law, the legal system, or the administration of justice.
Your conduct as described above, if true, could impair the confidence of the citizens of this State and the integrity of the judicial system and could constitute a violation of Canons 1, 2, 7A(1) and 7A(4) of the Code of Judicial Conduct.
WHEREFORE, your conduct as set forth in the above allegations could constitute conduct unbecoming a member of the judiciary and could demonstrate your present unfitness to hold the office of judge and/or could warrant discipline.
The Commission and Judge Turner have filed a stipulation in which it is agreed that the Commission's charges are not disputed and that the Commission's disciplinary recommendation shall be for a public reprimand. The parties' stipulation and the Commission's recommendation read as follows:
Stipulation
The Florida Judicial Qualifications Commission (the "Commission") and the Honorable Jack Turner hereby stipulate for the purposes of this inquiry that:
1. Judge Turner does not contest the matters set forth in the Notice of Formal Charges (the "Notice") instituting this inquiry.
2. Judge Turner specifically consents to a finding of probable cause by the Commission as to such matters under the Notice of Investigation served on November 13, 1990.
3. Judge Turner does not contest the recommendation of the Commission set forth below.
4. Judge Turner regrets and apologizes for his conduct.
5. This Stipulation constitutes the only response to this cause by Judge Turner.
6. The Commission and Judge Turner waive oral argument.
Recommendation
After full and deliberate consideration of the charges set forth in the Notice, the Commission, by a vote of at least nine members, recommends to the Supreme Court of Florida that Judge Jack Turner be publicly reprimanded for his conduct as specified in the Notice.
We accept the stipulation and approve the Commission's recommendation. By publication of this order, we reprimand Judge Jack Turner for conduct unbecoming a member of the judiciary of the State of Florida.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH and GRIMES, JJ., concur.
NOTES
[*] We note that Judge Turner's current term of office expires on January 7, 1991, and that he is retiring. Our jurisdiction to impose judicial discipline on him will terminate on the date he leaves office.