In re George B. SHEPPARD, Judicial Disciplinary Proceeding.

No. 04–91–00085–CV.

Special Court of Review, Appointed by the Supreme Court.

May 14, 1991.

Before J. CURTISS BROWN, C.J., 14th Court of Appeals and CHAPA and GARCIA, JJ., 4th Court of Appeals.

GARCIA, Justice.

This is a case involving the disciplinary action taken by the State Commission on Judicial Conduct against respondent, the Honorable George B. Sheppard. At the time of the incident giving rise to the Commission's investigation and public reprimand of respondent, he was a sitting county court-at-law judge in Dallas County. However, when the order issuing the public reprimand was issued by the Commission on January 16, 1991, he was no longer a sitting judge. Thus, respondent raises two issues for our review: jurisdiction and the sufficiency of the evidence to find any violation warranting a sanction.

Pursuant to article 5, section 1–a of the Constitution of the State of Texas and the enabling statute, section 33.034 of the Government Code, the Supreme Court of Texas appointed three intermediate appellate justices to sit as Special Court of Review to hear evidence from the Commission and respondent. The trial proceeded on a trial de novo basis as that term is used in the appeals of cases from justice courts to county courts. TEX.GOV'T CODE ANN. § 33.-034(e) (Vernon 1988). Thus, the findings and conclusions of law and the order of the Commission are unnecessary for a proper review of the case against respondent. A judgment of the justice court is neither affirmed or reversed, but an appeal is taken to county court on a trial de novo basis. Likewise, respondent's appeal and the review of that appeal is not bound to the Commission's findings, conclusions, or order. *See Hall v. McKee*, 179 S.W.2d 590 (Tex.Civ.App.—Fort Worth 1944, no writ).

The Special Court of Review conducted and concluded its trial de novo hearing on March 21, 1991. Respondent contends that the Commission lacked the jurisdiction to enter the January 16, 1991, order because respondent was no longer sitting as a judge. Both parties rely on a removal

proceeding from the State of Michigan to establish or defeat jurisdiction over a proceeding involving a judge who has left the bench. The question before the Michigan Supreme Court was almost identical to the question raised by respondent. *See In re Probert*, 411 Mich. 210, 308 N.W.2d 773 (1981). The majority of the Michigan court held that the departure of a judge from the bench does not preclude continued proceedings against a former judge. The dissenting opinion stated that the majority was exceeding its constitutional authority by allowing continued proceedings against any former judge. However, the Michigan constitutional provision relating to the judicial tenure commission and removal proceedings, which include suspension and censure, does not address the issue of conduct by retired or former judges. *See* MICH. CONST., art. VI, §§ 30(1) and 30(2).[1]

The Texas Constitution, however, provides:

(6) A. Any Justice or Judge of the courts established by this Constitution or created by the Legislature as provided in Section I, Article V, of this Constitution, may, subject to the other provisions hereof, be removed from office for willful or persistent violation of rules promulgated by the Supreme Court of Texas, incompetence in performing the duties of the office, willful violation of the Code of Judicial Conduct, or willful or persistent conduct that is clearly inconsistent with the proper performance of his duties or casts public discredit upon the judiciary or administration of justice. Any person holding such office may be disciplined or censured, in lieu of removal from office, as provided by this section. Any person holding an office specified in this subsection may be suspended from office with or without pay by the Commission immediately on being indicted by a State or Federal grand jury for a felony offense or charged with a misdemeanor involving official misconduct. On the filing of a sworn complaint charging a person holding such office with willful or persistent violation of rules promulgated by the Supreme Court of Texas, incompetence in performing the duties of the office, willful violation of the Code of Judicial Conduct, or willful and persistent conduct that is clearly inconsistent with the proper performance of his duties or casts public discredit on the judiciary or on the administration of justice, the Commission, after giving the person notice and an opportunity to appear and be heard before the Commission, may recommend to the Supreme Court the suspension of such person from office. The Supreme Court, after considering the record of such appearance and the recommendation of the Commission, may suspend the person from office with or without pay, pending final disposition of the charge.

\* \* \* \* \* \*

C. The law relating to the removal, discipline, suspension, or censure of a Justice or Judge of the courts established by this Constitution or created by the Legislature as provided in this Constitution applies to a master or magistrate appointed as provided by law to

---

1. In 1968, the people of Michigan amended their constitution and established a judicial commission. The amendment reads in part:

(1) An judicial tenure commission is established consisting of nine persons selected for three-year terms as follows: Four members shall be judges elected by the judges of the courts in which they serve; one shall be a court of appeals judge, one a circuit judge, one a probate judge and one a judge of a court of limited jurisdiction. Three shall be members of the state bar who shall be elected by the members of the state bar of whom one shall be a judge and two shall not be judges. Two shall be appointed by the governor; the members appointed by the governor shall not be judges, retired judges or members of the state bar. Terms shall be staggered as provided by the rules of the supreme court. Vacancies shall be filled by the appointing power.

(2) On recommendation of the judicial tenure commission, the supreme court may censure, suspend with or without salary, retire or remove a judge for conviction of a felony, physical or mental disability which prevents the performance of judicial duties, misconduct in office, persistent failure to perform his duties, habitual intemperance or conduct that is clearly prejudicial to the administration of justice. The supreme court shall make rules implementing this section and providing for confidentiality and privilege of proceedings.

MICH. CONST., art. VI, §§ 30(1) and (2).

serve a trial court of this State and to a retired or former Judge who continues as a judicial officer subject to an assignment to sit on a court of this State. Under the law relating to the removal of an active Justice or Judge, the Commission and the review tribunal may prohibit a retired or former Judge from holding judicial office in the future or from sitting on a court of this State by assignment.

TEX. CONST., art. V, § 1–a(6).

Respondent did not renounce his ability to further serve as a retired or former judge assigned to sit in the future. Thus, the Commission continues its jurisdiction over respondent. If the Commission can impose a prohibition against further service by precluding respondent from holding office or from being assigned to hear a case after leaving office, the Commission can continue to maintain jurisdiction over respondent when he has not indicated his future intent on judicial service. Clearly, the Commission maintains jurisdiction over retired and former judges and may discipline such judges in lieu of removing them from office.

Moreover, the Legislature has defined the term "judge." The Government Code provides the following:

(a) In this chapter:

(1) "Commission" means the State Commission on Judicial Conduct.

(2) "Judge" means a justice, judge, master, magistrate, or retired or former judge who is the subject of an investigation or proceeding under Article V, Section 1–a, of the Texas Constitution.

(3) "Special master" means a master appointed by the supreme court under Article V, Section 1–a, of the Texas Constitution.

(b) For purposes of Article V, Section 1–a, of the Texas Constitution, "wilful or persistent conduct that is clearly inconsistent with the proper performance of a judge's duties" includes:

(1) wilful, persistent, and unjustifiable failure to timely execute the business of the court, considering the quantity and complexity of the business;

(2) wilful violation of a provision of the Texas penal statutes or the Code of Judicial Conduct;

(3) persistent or wilful violation of the rules promulgated by the supreme court; or

(4) incompetence in the performance of the duties of the office.

(c) The definition provided by Subsection (b) is not exclusive.

TEX.GOV'T CODE ANN. § 33.001 (Vernon 1988). The Texas Constitution also provides:

(14) The Legislature may promulgate laws in furtherance of the Section that are not inconsistent with its provisions.

TEX. CONST., art. V, § 1–a(14).

"When given the power to implement constitutional provisions, the Legislature may define terms which are not defined in the constitution itself, provided its definitions constitute reasonable interpretations of the constitutional language and do not do violence to the plain meaning and intent of the constitutional framers." 12 TEX. JUR.3d *Constitution* § 15 (1981); *see Swearingen v. City of Texarkana*, 596 S.W.2d 157 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). There is no doubt that respondent is a former judge who is eligible for further judicial service. His departure from office does not change the potential for further service. Thus, the Commission retains jurisdiction over respondent pursuant to the constitution and laws implementing the constitutional provision. Respondent's first contention is overruled.

Next, we consider whether there was any evidence raised by the Commission to support the imposition of any sanction upon the respondent. In order to sustain any sanction, respondent must have violated one or more of the following criteria of section 33.001 of the Government Code enumerated above. *See* TEX.GOV'T CODE ANN. § 33.001(b)(1)–(4) (Vernon 1988).

■ At the hearing on appeal, the Commission relied principally on two allegations of misconduct constituting violations warranting sanctions. The basis of the investi-

gation against the Respondent centered on what transpired when respondent inquired about a compact disc player in a business establishment in Austin, Texas, on March 25, 1989. Apparently, some aspect of the business transaction displeased respondent and resulted in a shouting match involving respondent, the owner of the premises, Mr. Glenn Webb, and a store employee. After Respondent refused to leave the premises at the request of Mr. Webb, the police were summoned. An altercation between an Austin police officer and respondent ensued when the officer attempted to forcibly take possession of respondent's identification. The Commission investigated the conduct of respondent while he was in the business establishment and the altercation with the police officer. At the hearing, the police officer admitted he had no legal right to attempt to retrieve any identification from respondent by force. Moreover, there is conflicting testimony regarding whether Mr. Webb was physically assaulted. According to Mr. Webb, he was not assaulted nor did he want to press any charges against respondent. The police officer testified that he had been requested to press charges of assault against respondent. Given that the police officer admitted his error in this whole matter and the contradictory evidence regarding the altercation with the police officer, we find that the Commission fails to meet its burden to show the altercation between respondent and the police officer violated some part of section 33.001(b).

■ Next, we consider respondent's interaction with the business owner. Mr. Webb testified that in all the years of he managed his business, he has never encountered a customer who had been so loud and angry. The witness appeared credible and his testimony was completely uncontradicted by any witness as to this incident. Respondent did not testify at the hearing nor did he present any evidence. "Failure of litigant to testify is not conclusive against him, yet it is circumstance that may be considered in determining issue on which testimony would shed light, and litigant's failure to testify justifies inference that truth would not have strengthened his case." 35 Tex.Jur.3d *Evidence* § 141 (1984); *see Boddy v. Canteau*, 441 S.W.2d 906 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.).

■ Thus, based on the uncontradicted evidence regarding the conduct of respondent against Mr. Webb, we find that respondent violated part A of Canon 2 of the Code of Judicial Conduct which provides that

A judge should respect and comply with the law and should conduct himself or herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Texas Supreme Court, Code of Judicial Conduct, Canon 2, pt. A (1991). We conclude that the interaction of respondent with Mr. Webb did not promote public confidence in the state judiciary and violated section 33.001(b)(2) of the Government Code. Respondent contends on appeal that Mr. Webb did not know that respondent was a judge until after the altercation with the police officer. Knowledge that one is a judge is unnecessary to find a violation of Canon 2 of the Code of Judicial Conduct. To hold otherwise would permit a member of the judiciary to act in a manner which may destroy public confidence in the judiciary until someone discovers that he is a judge. The Code of Judicial Conduct applies whether Mr. Webb knew respondent was a judge or not. The Code of Judicial Conduct does not exist for the benefit of the judiciary exclusively, but rather for the community and the state as well.

■ We note that there was no evidence presented by the Commission regarding respondent's past performance on the bench or his ability to perform in a judicial capacity in the future. Thus, based on our finding of one violation of the Code of Judicial Conduct by respondent, we agree with the sanction of a public reprimand as issued by the Commission.