## In re Assistant Judge Bernard STEADY

[641 A.2d 117]

No. 93-223

March 30, 1994. In October 1990, then Assistant Judge Bernard Steady purchased a paid political advertisement, published in a Grand Isle newspaper, supporting various candidates for national, statewide, and local offices. On January 1, 1991, Judge Steady left the bench, having previously chosen not to run for reelection. In April 1991, a judicial conduct complaint was filed against him, and the Judicial Conduct Board (JCB) subsequently found that placing the ad violated Canon 7A(1)(b) of the code of judicial conduct, which states that a judge may not "publicly endorse a candidate for public office." The Board divided on the appropriate sanction and made no recommendation on that issue, but forwarded its final disposition report for action by this Court. Rules of Supreme Court for Disciplinary Control of Judges, Rule 11(1).

### I. Jurisdiction

A preliminary issue is whether this Court has jurisdiction to discipline Judge Steady for conduct committed during his judicial tenure if no complaint was filed against him until after he left the bench. In *In re Wheel*, 148 Vt. 632, 632–33, 533 A.2d 1194, 1195 (1987) (mem.), this Court stated that "jurisdiction for purposes of judicial discipline attaches when a complaint is filed *during judicial tenure* relating to acts done as a judicial officer, and persists until ousted by some affirmative legal requirement." (Emphasis added.) The quoted portion of *Wheel*, however, is dicta from a brief entry order and does not govern this case. Jane Wheel was a sitting judge when the judicial conduct complaint was filed against her; the sole issue was whether her retirement divested this Court of jurisdiction over that complaint. The Court did not need to decide what would have happened if no complaint had been filed during her tenure. The jurisdictional issue raised here is, therefore, one of first impression.

This Court's disciplinary power over judges is broad, commensurate with its status as a constitutional obligation. *In re O'Dea*, 159 Vt. 590, 606, 622 A.2d 507, 517 (1993); see Vermont Constitution, Ch. II, § 30 (Court has "disciplinary authority concerning all judicial officers"). The only relevant statute amplifying the constitutional provision, 4 V.S.A. § 3, places "disciplinary control of all judicial officers of the state" in this Court and authorizes us to issue rules for exercising that control. Rule 3(1) of the Supreme Court Rules for the Discipline of Judges, enacted pursuant to that statute, establishes the JCB's and this Court's disciplinary jurisdiction over "[a]ny duly elected or appointed judge." Nothing in the Constitution, the statute, or the rule limits the disciplinary power over judicial officers to those who are currently serving. Once a judge is duly elected or appointed, the Court is responsible for ensuring that he or

she meets the high ethical standards of the judicial profession.

A primary purpose of judicial discipline is to "preserve and enhance public confidence in the integrity and fairness of the justice system." *O'Dea*, 159 Vt. at 604, 622 A.2d at 515. These goals cannot be accomplished using either of the methods proposed by the dissent—disciplining ex-judges as attorneys through the Professional Conduct Board or disciplining ex-judges through the JCB only if they return to office. Applying this rule, any nonattorney judge can escape discipline for a code violation, no matter how serious, by resigning. Even after leaving office, an ex-judge retains the status of the judicial office on his resume. The public is entitled to know if the record is tarnished.

We agree with Justice Billings' observation that the judicial conduct rules did not intend nonattorney judges to avoid discipline by resigning and "that to interpret the rules in accordance with [that view] would emasculate them and thwart the Court's duty to preserve and protect the integrity of the judiciary." *In re Fienberg*, 139 Vt. 511, 513, 430 A.2d 1282, 1283 (1981) (Billings, J., dissenting); see also *West Virginia Judicial Hearing Board v. Romanello*, 336 S.E.2d 540, 541 (W. Va. 1985) (court "would be ill-advised to establish a precedent that would allow a judge . . . to escape punishment for [ethics violations] by resigning from office"); *In re Sheppard*, 815 S.W.2d 917, 920 (Tex. Spec. Ct. Rev. 1991) (judicial conduct board retains jurisdiction over retired or former judges who have not renounced their intent to serve on bench in future).

## II. Merits

The Board based its decision solely on stipulated facts that Judge Steady had placed the ad previously described. That Judge Steady violated the code is clear. Canon 7 needs no interpretation. By its explicit terms—a judge may not "publicly endorse a candidate for public office"—it forbids the very behavior Judge Steady engaged in. Although Judge Steady is not a lawyer, he is nonetheless subject to the judicial conduct code. Ignorance does not excuse a violation of ethical standards; even lay judges have an obligation to learn and follow the code. *In re Vonderheide*, 532 N.E.2d 1252, 1254, 536 N.Y.S.2d 24, 26 (1988).

## III. Sanction

JCB made no recommendation on sanctions because it was unable to achieve the requisite five votes. See Rule 6(17) of Rules of Supreme Court for Disciplinary Control of Judges (JCB recommendation is valid only if concurred in by five members; if Board is unable to obtain concurrence, it "shall transmit its findings to the Court without recommendation"). This Court is not bound by Board recommendations on sanctions. See *O'Dea*, 159 Vt. at 595, 622 A.2d at 511 (JCB recommendations "carry great weight but are not binding"; this Court makes the "*only*" final and ultimate decision" in conducting proceeding) (emphasis in original).

The stipulated facts concerning Judge Steady's placing the ad are the only record to rely on as the basis for sanctions. He did not appear at the hearing or present any written statements about his conduct. JCB heard no evidence of any aggravating or mitigating circumstances. This Court will, however, consider as mitigation the fact that at the time of the violation, Judge Steady was a lay judge whose term was about to expire and he was not seeking reelection. The ad itself expressed his intention to retire, and so could not be construed as

an attempt to influence those coming before the court in the future.

Public reprimand is the appropriate sanction for violating Canon 7. See *In re Turner*, 573 So. 2d 1, 1–2 (Fla. 1990) (judge publicly reprimanded for soliciting support from local attorneys on behalf of his son who was running for judge; judge disciplined even though he was on verge of retiring from bench when he committed violation); *In re Pratt*, 508 So. 2d 8, 9–10 (Fla. 1987), and *In re Kay*, 508 So. 2d 329, 329–30 (Fla. 1987) (judges publicly reprimanded for participating in campaign mailing that gave appearance that they endorsed each other and other judges running in same election; future candidates for judgeship forewarned that more severe disciplinary measures may be imposed for such violations); *Office of Disciplinary Counsel v. Capers*, 472 N.E.2d 1073, 1074 (Ohio 1984) (judge given public reprimand for mailing postcards and letters in support of another candidate for judge to potential voters).

*Assistant Judge Bernard Steady is hereby publicly reprimanded for violating Canon 7A(1)(b) of the Code of Judicial Conduct as found by the Judicial Conduct Board.*

**Allen, C.J.,** dissenting. Because I believe that this Court lacks jurisdiction to discipline a judge who has left the bench, I respectfully dissent. This Court's position in *In re Wheel*, 148 Vt. 632, 632–33, 533 A.2d 1194, 1195 (1987) (mem.), that jurisdiction attaches only to complaints filed during judicial tenure, is both the majority rule and the correct one.

Notice of the complaint, within the judicial tenure, establishes jurisdiction. *In re Hunt*, 302 S.E.2d 235, 239 (N.C. 1983). Although courts are divided about whether, once disciplinary proceedings have commenced

against a judge, subsequent resignation or retirement can divest the court's jurisdiction over the matter, see Shaman, Lubet, and Alfini, Judicial Conduct and Ethics § 1.09, at 16 (1990), I find no court that has gone so far as to hold that it can take jurisdiction over a complaint filed against a judge who has already left the bench. See *In re Probert*, 308 N.W.2d 773, 777–78 n.10 (Mich. 1981). Citing the ABA Standards Relating to Judicial Discipline and Disability Retirement 2 (tentative draft 1977), the *Probert* court emphasized that the main purpose for judicial discipline is not to punish judges but to protect the public. *Id.* Once the offending judge is gone from the bench, this purpose no longer exists. The rule operates like a statute of limitations. *Id.*

The model standards in judicial discipline take the position that the professional conduct board rather than the judicial conduct board should have jurisdiction over ex-judges who are accused of unethical conduct during their judicial tenures. ABA Standards, *supra*, § 3.2, at 18; see also *Florida Bar v. McCain*, 330 So. 2d 712, 714–17 (Fla. 1976) (lawyer can be sanctioned for misconduct committed while previously serving as judge); *In re McKenney*, 424 N.E.2d 194, 199 (Mass. 1981) (court has continuing authority to sanction ex-judge as member of bar for misconduct during judicial office); *In re DeLucia*, 387 A.2d 362, 366 (N.J. 1978) (same).

Under this rule, assistant judges, who are usually not attorneys, may escape discipline altogether, but only if they never attempt to return to the bench. If the judge does return to the bench, the complaint can be revived because the judge's previous acts of misconduct, committed during a prior term as judge, "follow the judge to any subsequent judicial of-

fice." *In re Romero*, 668 P.2d 296, 299 (N.M. 1983); see also *In re Briggs*, 595 S.W.2d 270, 279 (Mo. 1980) (generally accepted that court may sanction judge for conduct committed in prior term unless legislation expressly forbids it). The concerns for public protection are then revived. Moreover, if the behavior is sufficiently serious to be criminal, the ex-judge can be prosecuted regardless of the retired status. See, e.g., *State v. Wheel*, 155 Vt. 587, 590, 587 A.2d 933, 936 (1990) (assistant judge convicted of false swearing).

Because I do not believe the Court has jurisdiction over this matter, I do not reach the merits and cannot agree that any sanction can be imposed even for a clear violation of the code.

**Gibson, J.,** concurring and dissenting. I agree with the dissent on the issue of jurisdiction. Nevertheless, because a majority of the Court has found jurisdiction, I will join in parts II and III of its decision on merits and sanction.