496 So.2d 133 (1986)
In re JQC No. 84-200 Inquiry Concerning a Judge, Judge Jack BLOCK.
No. 67298.
Supreme Court of Florida.
October 16, 1986.
*134 Kathleen T. Phillips, Chairman, Florida Judicial Qualifications Com'n, Pensacola, John S. Rawls, General Counsel, Tallahassee, Joseph J. Reiter of Lytal and Reiter, and Jack Scarola, Sp. Counsel, West Palm Beach, for petitioner.
Robert L. Floyd of Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, P.A., Miami, for respondent.
PER CURIAM.
This proceeding is before us to review a report of the Judicial Qualifications Commission which found that respondent had violated various Disciplinary Rules of the Code of Professional Responsibility at a point in time when he was a practicing attorney. We have jurisdiction, article V, section 12, Florida Constitution. We approve the Commission's findings and agree with its recommendation that respondent appear before this Court to receive a public reprimand.
The Commission charged respondent with five counts of misconduct; the Commission found respondent guilty of Counts I and II and not guilty of Counts III and V. Count IV was dismissed by the Commission.
Count I involved conduct occurring between 1982 and 1984 while respondent was a practicing attorney in Dade County. The facts as found by the Commission indicate that respondent shared legal fees with Milton Wassman, who was a suspended attorney at the time. The Commission further found that respondent shared fees on a percentage basis with his then secretary, Linda Tillman, who was not a lawyer. The Commission found these actions were agreements to split or divide fees with persons who are not lawyers. Respondent has admitted that these acts were violations of Disciplinary Rules 1-102(A)(1), (2) and (6); DR 2-103(B), (C) and (E); and DR 3-102 and DR 3-104 of the Code of Professional Responsibility.
Count II alleged that respondent, in 1982 and 1983, placed wagers and bets with "bookies" in violation of Florida criminal statutes. The Commission based its finding of guilt on the testimony of two of respondent's former secretaries and various registered mail return receipts. Respondent testified that he placed bets only with friends who, for years, had family going to the track every day. The Commission found this testimony to be "incredible" and concluded that respondent's conduct violated Disciplinary Rule 1-102(A), (1), (3), (4), (5) and (6).
Count III involved the willful and false reporting of a campaign contribution during respondent's 1982 race for Mayor of the City of South Miami. The Commission found that this charge was not proven by *135 clear and convincing evidence and thus found respondent not guilty of this count. Count V charged respondent with falsifying the purchase price of real property and depriving the state of documentary stamp revenue. Although the Commission found that this charge was not proven by clear and convincing evidence, it concluded that the transaction at issue showed that respondent "knows very little about the Code of Professional Responsibility."
We approve the Commission's findings and recommendation of discipline. Accordingly, we hold that respondent will appear before this Court, at a date to be set by the Court, to receive a public reprimand.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the Court's decision to impose a public reprimand but dissent to the requirement that Judge Jack Block personally appear before this Court to receive the reprimand. Under the circumstances of this case I would reject the recommendation of a personal appearance and would impose the reprimand by publication of a simple written order.
There is nothing in the record before us to show that Judge Block is incapable, unqualified, or unworthy to hold his judicial office. The evidence showed certain acts, charged by the Judicial Qualifications Commission as misconduct, occurring before respondent became a judge. I do not believe that the misconduct shown warrants a personal appearance before the Court for imposition of a public reprimand. In no case within my knowledge has this Court required a judge to personally appear for a reprimand. This case certainly does not call for such a departure from precedent.
Judge Block has expressed remorse and repentance for the fact that on occasion, he paid his law practice employees a percentage of fees he had earned, a violation of the Code of Professional Responsibility. He has accepted the recommendation of a public reprimand. Judge Block continues to dispute the finding that he engaged in willful violations of the gambling laws, but is willing to abide by the recommendation of a public reprimand. The remaining accusations of the J.Q.C. have been either stricken or properly found to be unsupported by evidence. Under these circumstances, I do not believe any valid purpose is served by the requirement of a personal appearance before the Court for the administering of the public reprimand.
Judge Block is a judge of the County Court of Dade county. He is responsible for a crowded docket of court proceedings. To require Judge Block to travel from Miami to Tallahassee to receive his public reprimand would disrupt the timely and orderly disposition of cases in his court. Moreover, it would impose an additional burden of expense upon him after he has had to bear substantial expenses already in the J.Q.C. proceeding and the review proceeding in this Court. It would serve no purpose other than the infliction of needless additional chastisement.
I therefore concur with the public reprimand but dissent to the Court's requirement of a personal appearance. I would impose a public reprimand by simple written order.