PER CURIAM.
This proceeding is before the Court for review of recommended action of the Judicial Qualifications Commission and for the entry of an appropriate judgment.
The Judicial Qualifications Commission served a notice of formal proceedings upon Robert S. Zack, a judge of the County Court of Broward County. The allegations of the notice read as follows:
During the week beginning February 19, 1990, you were sitting as magistrate judge at the Broward County Jail. Upon arrival on Friday morning, February 23, 1990, you found a docket inflated in numbers because of crack stings the night before. Upon entering your office by approaching from the courtroom, you found Richard Registro, Assistant State Attorney, Hal Tager, Assistant Public Defender, and Melvin Brooks, Program Specialist, Broward Sheriff’s Office (whose duties included making recommendations to the judge concerning candidates to be released on their own recognizance to the Pretrial Release Program in Broward County).
*939 You inquired who worked for Broward County Sheriff Navarro of that group; and when Melvin Brooks indicated he did, you then on two (2) occasions used very profane language in reference to the Sheriff.
The foregoing conduct is in violation of Canons 1, 2, and 3 A(3) of the Florida Code of Judicial Conduct:
CANON 1: A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY.
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved.
CANON 2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL HIS ACTIVITIES.
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his personal relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or authorize others to convey the impression that they are in a special position to influence him.
CANON 3: A JUDGE SHOULD PERFORM THE DUTIES OF HIS OFFICE IMPARTIALLY AND DILIGENTLY.
A. Adjudicative Responsibilities.
(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity, and should require similar conduct of lawyers, and of his staff, court officials, and others subject to his direction and control.
Your conduct as described above has impaired the confidence of the citizens of this State in the integrity of the judicial system and has constituted a violation of Canons 1, 2, and 3A(3) of the Code of Judicial Conduct.
Thereafter the Commission and Judge Zack executed and submitted to this Court a stipulation and recommendation as to the disciplinary action to be taken. The stipulation and recommendation read as follows:

Stipulation

The Florida Judicial Qualifications Commission (the “Commission”) and the Honorable Robert S. Zack hereby stipulate, for the purposes of this inquiry, that: (i) Judge Zack does not contest the matters set forth in the Notice of Formal Proceedings (the “Notice”) instituting this inquiry, and specifically consents to the finding of probable cause by the Commission under the Rule 6C Notice dated May 7, 1990; (ii) Judge Zack has demonstrated that he has otherwise rendered commendable service to the public as a conscientious judicial officer during his tenure on the bench; (iii) Judge Zack regrets and apologizes for his conduct; (iv) Judge Zack does not contest the recommendation of the Commission as set forth below; (v) this Stipulation constitutes the only response in this cause by Judge Zack; and (vi) the Commission and Judge Zack waive oral argument.

Recommendation

After full and deliberate consideration of the charges set forth in the Notice, the Commission by a vote of at least nine members, recommends to the Supreme Court of Florida that Judge Robert S. Zack be publicly reprimanded for his conduct as specified in the notice.
We approve the stipulation and recommendation. We hereby reprimand Judge Robert S. Zack for improper conduct by a judicial officer.
It is so ordered.
*940 SHAW, C.J., and OVERTON, McDonald, ehrlich, barkett, GRIMES and KOGAN, JJ., concur.