694 So.2d 734 (1997)
In re INQUIRY CONCERNING A JUDGE, RE Zebedee WRIGHT.
No. 88494.
Supreme Court of Florida.
May 29, 1997.
Frank N. Kaney, Chairman and Thomas C. MacDonald, Jr., General Counsel, Tallahassee; and David W. Spicer, Special Counsel of Bobo, Spicer, Ciotoli, Fulford, Bocchino, DeBevoise & LeClainche, P.A., West Palm Beach, on Behalf of the Florida Judicial Qualifications Commission, for Petitioner.
Johnny L. McCray, Jr. of the Law Offices of Johnny L. McCray, Jr., P.A., Pompano Beach; Fred Haddad, Fort Lauderdale; and Samuel S. Fields of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Respondent.
PER CURIAM.
This proceeding is before the Court upon Findings of Fact, Conclusions of Law and Recommendation of the Judicial Qualifications Commission (JQC) recommending that Judge Zebedee Wright receive a public reprimand. We have jurisdiction pursuant to article V, section 12 of the Florida Constitution.
The JQC filed a notice of formal charges against Judge Wright in three counts. Paragraphs 6 and 7 of the JQC's findings read as follows:
6. Immediately before the final hearing on the Formal Charges was to begin, the Judicial Qualifications Commission and its attorney and Judge Zebedee Wright and *735 his attorneys agreed and stipulated in open court, on the record, the original of which is submitted herewith, that the Commission would dismiss Count 2 of the charges and would agree to a recommendation of public reprimand by the Supreme Court. Judge Wright would admit his guilt on Charges 1 and 3 and would agree to a recommendation of public reprimand by the Supreme Court. A written stipulation was submitted by the Commission to Judge Wright and his attorneys but they have failed or refused to sign the stipulation notwithstanding the agreement in open court which is set forth in the transcript filed in this cause.
7. The Commission is entitled to rely on Judge Wright's agreement and stipulation and submits this Statement, Findings of Fact, and Recommendation, together with the transcript of the hearing, to the Supreme Court and respectfully requests the entry of an order affirming the stipulation and agreement and ordering a public reprimand of Judge Zebedee Wright.
The JQC went on to conclude that Judge Wright's conduct as set forth in counts 1 and 3 of the formal charges was conduct unbecoming a judge and that Judge Wright was guilty of violating Canons 1, 2 A, 3 B(4), and 3 B(7) of the Code of Judicial Conduct.
With respect to count 1, the JQC found:
3. Count 1 charged: That on February 8, 1996, in the case of State v. Zelip, in the County Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 95-002843MM10A, Judge Wright conducted himself in a manner that was rude, abusive and insulting when he addressed Assistant State Attorney Jennifer Figueroa as she attempted to state her objection for the record during a hearing on a Notice of Expiration of Speedy Trial. The raised tone of his voice, and his remarks to Ms. Figueroa, that "... yeah, you'll be sorry. Keep your mouth shut while I'm talking to him ..."; and "... Well, there's no objections required here, and if you talk any more; it's an Order that you don't open your mouth anymore until I invite you to do so, and if you do I'm gonna hold you in contempt ..." were inappropriate and designed to lessen public confidence in the dignity, integrity and impartiality of the judiciary. Furthermore, he failed to accord her the right to be heard according to the law.
With respect to count 3, the JQC found:
5. Count 3 charged: That on May 19, 1995, in the case of State v. Aho, in the Court of the Seventeen[th] Judicial Circuit, in and for Broward County, Florida, Case No. 94-13151MM10, he conducted himself in a manner that was rude, abusive, insulting, and inappropriate when he addressed Paul Renner, Assistant State Attorney, and the victim, Martha Spence, during the calendar call of the case. He continually berated Mr. Renner in an improperly raised voice when Mr. Renner advised that the victim wished to speak to the Judge about the repeated continuances requested by the defendant; and he then refused to allow Ms. Spence to make a statement, as was her right. He proceeded to address Ms. Spence with an improperly raised voice, and acted in an overbearing and dictatorial manner. Furthermore, his actions in having the bailiff physically escort Ms. Spence to the rear of the courtroom, and his behavior in making gestures and noises mimicking a shooting gun as Ms. Spence was led away, were grossly inappropriate and designed to lessen public confidence in the dignity, integrity and impartiality of the judiciary.
In response to this Court's order to show cause, Judge Wright filed a Clarification to the Findings of Fact in which he stated in pertinent part:
Pursuant to plea negotiations the JQC dropped Count II and the Respondent admitted guilt to Count I and Count III.
The Respondent does not dispute that he is guilty of violation under Count III, but does wish to place on the record that two (2) of the allegations contained in Count III are disputed.
He never had his bailiff "physically escort Ms. Spence to the rear of the courtroom" and the inference that the "gestures *736 and noises mimicking a shooting gun" were directed toward Ms. Spence is wrong.
The Respondent does not allege that this clarification reaches a level of materiality as to undermine the legal sufficiency of Count III.
Even if we were to accept Judge Wright's version of the conduct found under count 3, that conduct together with that found under count 1 was such as would warrant a public reprimand. Accordingly, we hereby reprimand Judge Zebedee Wright for improper judicial conduct.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.