699 So.2d 1369 (1997)
In re INQUIRY CONCERNING A JUDGE, No. 97-01 re Nancy F. ALLEY.
No. 90691.
Supreme Court of Florida.
October 9, 1997.
Thomas C. MacDonald, Jr., General Counsel for the Florida Judicial Qualifications Commission, Tampa, for petitioner.
Richard C. McFarlain of McFarlain, Wiley, Cassedy & Jones, P.A., Tallahassee, for respondent.
PER CURIAM.
We review the recommendation of the Judicial Qualifications Commission (JQC) that Circuit Judge Nancy F. Alley be disciplined by receiving a public reprimand. We have jurisdiction pursuant to Article V, section 12 of the Florida Constitution.
The Respondent was served with a Notice of Formal Proceedings by the Investigative Panel of the JQC alleging that during the campaign for Circuit Judge of the Eighteenth Judicial Circuit in the summer of 1996:
1. Alley knowingly misrepresented her qualifications and those of her opponent, in newspaper advertisements, by claiming: (a) to have circuit judicial experience, when in fact her service was that of a general master; and (b) that her opponent had no circuit judicial experience, when in fact she had extensive experience as a county judge who had been assigned to the circuit court;
2. Alley knowingly did the following in campaign mailers: (a) misrepresented her qualifications and those of her opponent; (b) injected party politics into a non-partisan election, by noting the party affiliation of the governor who had appointed her opponent to her position of county judge (when in fact both Alley and her opponent were members of the same political party, which was different from that of the governor); (c) improperly included a photograph of her opponent sitting next to a criminal defendant noting that her opponent "defend[ed] convicted mass murderer, cop killer, William Cruse," when at the time of the photograph Cruse had not been convicted and her opponent was an assistant public defender observing a duty placed on her as a member of The Florida Bar; and (d) improperly included a portion of a newspaper editorial which falsely implied that Alley, not her opponent, had been endorsed by the newspaper.
The Respondent filed an answer admitting all the allegations and acknowledging that as a "candidate for judicial office [she] must exercise the most disciplined restraint upon the activities of her campaign." She further asserted that she had "learned a great lesson and has been deeply sensitized to the need for judges and judicial candidates to show judicial demeanor and restraint when they are required to run in a contested campaign." The Respondent further filed a waiver of a formal hearing before the Hearing Panel of the JQC.
The Investigative Panel concluded that the behavior of the Respondent constituted conduct unbecoming a member of the judiciary or a candidate for judicial office. The panel further indicated that the advertising violations were "very serious because they present significant impediments to an orderly and truthful electoral process, and because they *1370 raise serious questions of personal and professional integrity." However, in view of the response of the Respondent, which the panel found to be sincere, the panel, on behalf of the JQC, concluded "that the interests of justice and of the public welfare are adequately served by administration of a public reprimand."
We agree with the JQC that Alley's actions were improper. However, we find it difficult to allow one guilty of such egregious conduct to retain the benefits of those violations and remain in office. Yet, we are constrained by the JQC's recommendation.[1] Accordingly, we hereby command Judge Nancy F. Alley to appear before this Court for the administration of a public reprimand at 9 a.m. on November 3, 1997, for the actions noted above.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We note that in 1996, Article V, section 12 of the Florida Constitution was amended to allow the Supreme Court to modify the recommendations of the JQC.