720 So.2d 506 (1998)
In re Inquiry Concerning a Judge, Leonard V. WOOD,
No. 97-419. No. 93455.
Supreme Court of Florida.
September 28, 1998.
Gilbert S. Goshorn, Jr., Chairman, and Thomas C. MacDonald, Jr., General Counsel, Tallahassee, and Marvin E. Barkin and Lansing C. Scriven, Special Counsel, Tampa, for Florida Judicial Qualifications Commission, Petitioner.
Chandler R. Muller, Winter Park, for Respondent.
PER CURIAM.
We review the stipulation filed by the Florida Judicial Qualifications Commission (the JQC) and Circuit Judge Leonard V. Wood, recommending that Judge Wood be publicly reprimanded for various acts of misconduct. *507 We have jurisdiction pursuant to article V, section 12 of the Florida Constitution.[1]
On July 15, 1998, the Investigative Panel of the JQC (the Investigative Panel) filed a "Notice of Formal Proceedings" in this Court indicating that it had sufficient probable cause to commence formal proceedings against Judge Wood.[2] Specifically, the notice set forth the following charges against Judge Wood:
1. At the conclusion of an investigation of prior allegations charging you with violations of the Code of Judicial Conduct, on June 27, 1994, the Chairman of the Judicial Qualifications Commission, on behalf of the Commission, advised you that the Commission would not proceed further, but admonished you that, among other things: i) the Commission would not tolerate "any conduct that evidences bias, prejudice, [or] discourtesy to people in your courtroom;" and ii) if you were brought before the Commission again on charges which the Commission found to be factually correct, "much sterner action" would be taken against you.
2. Despite the admonishment given you on June 27, 1994, in the case of Lieberman v. Lieberman, Case No. 97-2243-DR-02-W, you made comments to parties not represented by counsel during the course of an uncontested divorce proceeding perceived by them to be rude and insensitive, which caused those parties humiliation and embarrassment.
3. Additionally, in the case of Laliberte v. Laliberte, Case No. 91-3860, a dissolution case, you made comments to the husband during the course of hearings which were perceived by him to be rude, insensitive, and which caused him humiliation and embarrassment.
4. Moreover:
(a) During hearings in the case of Whitener v. First Union National Bank, Case No. 93-0067, you made comments attacking the personal bonafides of counsel for a party in requesting a continuance. You thereafter recused yourself following a motion to disqualify but, in doing so, entered an order which commented on the arrogance of counsel for the movant and characterized motions to disqualify as trial strategy filed when a party fears unfavorable rulings.
(b) In the case of Gold v. Flamedco, et al., Case No. 92-2936, you made comments critical of a defendant insurance company and of the insurance industry as a whole. Thereafter, a motion for disqualification was filed which you initially denied but then granted after a petition for writ of prohibition was filed and thereafter granted by the District Court of Appeal, Fifth District.[[3]]
(c) During a hearing in the case of Dept. of Transportation v. Robinson, Case No. 97-837, you commented that you were "for the little guy, not for the government." Motions for your disqualification were filed in this and two other Department of Transportation cases which you initially denied, but granted upon reconsideration after petitions for writ of prohibition were filed in the District Court of Appeal, Fifth District.
(d) During a hearing in the case of Altamonte Springs v. Kaplan, Case No. 94-2407, you made remarks concerning the *508 unreliability and credibility of the lead police officer who was involved in the challenged arrest. A motion to disqualify was filed which you denied. Thereafter, a petition for writ of prohibition was filed and granted by the District Court of Appeal, Fifth District.[[4]]
The Investigative Panel asserted that the above charges reflected "an absence of judicial temperament and inappropriate bias or prejudice" on Judge Wood's part. The panel further asserted that if the charges against Judge Wood were proven true, he would be guilty of violating the following canons of the Code of Judicial Conduct: 1 (judge should uphold the integrity and independence of the judiciary by observing high standards of conduct); 2A (judge shall respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); 3B(4) (judge shall be patient, dignified and courteous to, among others, litigants and attorneys before the judge); 3B(5) (judge shall perform judicial duties without bias or prejudice); 3B(8) (judge shall dispose of all judicial matters promptly, efficiently, and fairly); and 3E(1)(a) (judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including where the judge has a personal bias or prejudice concerning a party or the party's lawyer).
In response to the "Notice of Formal Proceedings," Judge Wood waived his right to a formal hearing and filed an answer admitting to all charges contained in the notice. In addition to his admissions, Judge Wood (1) accepted full responsibility for his "choice of words and unnecessary expressions of thought;" (2) recognized that longstanding health problems and prescribed medication had contributed to his problems; (3) acknowledged that he had voluntarily enrolled himself in an "extensive therapeutic program" to assist him in anger and stress management; and (4) assured that he would remain in the therapeutic program until his doctor determined that such treatment was no longer necessary.
Based upon Judge Wood's admissions and assurances, the Investigative Panel filed its "Findings and Recommendations of Discipline." The panel found Judge Wood guilty of the misconduct described in the "Notice of Formal Proceedings" and recommended that he be publicly reprimanded for such misconduct. In commenting on Judge Wood's misconduct and the appropriate discipline, the Investigative Panel stated the following, in pertinent part:
This behavior constitutes conduct unbecoming a member of the judiciary. The Commission regards a pattern and practice of rude, intemperate and inappropriate comments, such as those made by [Judge Wood], to be very serious because they raise basic questions of personal and professional integrity and reflect adversely on the justice system so far as the public and litigants are concerned. However, more severe discipline in the opinion of the Investigative Panel, is not warranted in view of the commendable candor of [Judge Wood] as set forth in his Answer and his acknowledgment of the impropriety of his conduct, and his assurances that the conduct will be remedied voluntarily and by a course of medical treatment and anger management control prescribed by a qualified health care professional, Dr. Day, until Dr. Day has certified, in writing, to the Investigative Panel that such treatment is no longer necessary. The Investigative Panel believes [Judge Wood] to be sincere in his announced recognition of the nature and extent of his mistakes and his regret over these events. The Investigative Panel accordingly concludes that the interest of justice and the public welfare are adequately served by the administration of a public reprimand as recommended.
This Court requested a response to the Investigative Panel's findings and recommendations, and Judge Wood and the JQC jointly filed a stipulation asserting that they agreed on the findings and recommendations. That stipulation is now before this Court for review.
In reviewing the parties' stipulation, we have considered the admonishment Judge *509 Wood received from the JQC in 1994, his admitted misconduct at issue, his voluntary enrollment in an anger and stress management program, as well as relevant case law. After considering those factors, we approve the parties' stipulation and publicly reprimand Judge Wood. Additionally, for the reasons set forth below, we require Judge Wood to appear before this Court to receive his public reprimand.
In several prior cases involving a judge's rude or intemperate behavior in open court, this Court has found a public reprimand to be the appropriate form of discipline. See In re Wright, 694 So.2d 734, 734-36 (Fla.1997); In re Perry, 641 So.2d 366, 367-69 (Fla.1994); In re Marko, 595 So.2d 46, 46 (Fla.1992); In re Carr, 593 So.2d 1044, 1045 (Fla.1992); In re Trettis, 577 So.2d 1312, 1312-13 (Fla. 1991). In several other cases, this Court has required that the judge being disciplined make a personal appearance to receive his or her public reprimand. See In re Alley, 699 So.2d 1369, 1369-70 (Fla.1997); In re Sturgis, 529 So.2d 281, 281-86 (Fla.1988); In re Block, 496 So.2d 133, 134-35 (Fla.1986). In In re Norris, 581 So.2d 578, 579 (Fla.1991), this Court found that requiring a judge to make a personal appearance to receive a public reprimand "truly is extraordinary and has been done only when the judge's conduct reflects either a wilful disregard of the law or serious, cumulative misconduct on the bench." See id. In our view, Judge Wood's actions in this case fit within the category of "serious, cumulative misconduct on the bench" referred to in Norris.
In the present case, Judge Wood made numerous rude and improper remarks in six different cases before him. He refused to recuse himself in four different cases until the party seeking recusal either filed a petition for writ of prohibition or the Fifth District actually granted the party's petition, which is especially troublesome due to the fact that the bases for recusal in all of the cases were Judge Wood's own prejudicial comments. When Judge Wood did recuse himself in another case, he improperly went beyond the legal sufficiency of the motion and made derogatory comments about counsel who filed the recusal motion. Moreover, we weigh heavily the fact that the JQC admonished Judge Wood well before he committed the misconduct in this case, warning him that any future conduct evidencing "bias, prejudice, [or] discourtesy" to people in his courtroom would not be tolerated and would subject him to stern disciplinary action. It is clear that Judge Wood did not heed the JQC's 1994 warning.
If not for Judge Wood's candor, voluntary submission to anger and stress management therapy, and assurances that he will continue to undergo such therapeutic treatment until no longer necessary, we would be inclined to impose a much sterner sanction than that recommended in the parties' stipulation. Accord In re Trettis, 577 So.2d at 1313-14 (finding misconduct similar to that which occurred in the present case "greatly" troubling, but approving stipulation recommending that judge be publicly reprimanded for such misconduct based on judge's voluntary submission to physical and psychological examination and his assurance of full cooperation in undergoing recommended treatment). However, we feel that a public reprimand, personally received by Judge Wood before this Court, will be sufficient to show him, and other judges that engage in similar behavior, that such misconduct will not be taken lightly.
Accordingly, we hereby command Judge Leonard V. Wood to appear before this Court for the administration of a public reprimand at 9 a.m. on Wednesday, October 7, 1998, for the actions noted above.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] The most recent version of article V, section 12 of the Florida Constitution, as approved by the electorate in the November 5, 1996, general election, is applicable in the present case.
[2] Prior to filing these formal charges, the Investigative Panel followed the requirements of rule 6(b) of the Florida Judicial Qualifications Commission Rules by (1) notifying Judge Wood that it was investigating allegations charging him with violating numerous canons of the Code of Judicial Conduct; and (2) affording Judge Wood the opportunity to make a statement before the panel concerning the allegations. However, the specific nature of the allegations made against Judge Wood and the events that transpired before the Investigative Panel may not be revealed because they are, by rule, confidential. See Fla. Jud. Qual. Comm'n R. 23(a) (1998) (stating that "[u]ntil formal charges against a judge are filed by the Investigative Panel ... all proceedings by or before the Commission shall be confidential. Upon a finding of probable cause and the filing of the Investigative Panel ... of such formal charges against a judge, such charges and all further proceedings before the Hearing Panel shall be public").
[3] See Mutual of Omaha Ins. Co. v. Wood, 679 So.2d 69, 69 (Fla. 5th DCA 1996).
[4] See City of Altamonte Springs v. Kaplan, 701 So.2d 659, 659-60 (Fla. 5th DCA 1997).