PER CURIAM.
We have for review a stipulation for discipline in a judicial qualifications proceeding. As we explain below, given the misrepresentations made to the voting public during Judge Dempsey’s campaign for the Circuit Court judgeship, we approve the stipulation and the discipline recommended therein. We have jurisdiction. See art. V, § 12, Fla. Const.
I. FACTS AND PROCEDURAL HISTORY
The case at bar arises from formal charges brought by the Judicial Qualifications Commission (JQC) against Judge Angela Dempsey. Pursuant to Canon 7A(3)(b) of the Code of Judicial Conduct, Judge Dempsey is responsible for the conduct of her political consultant. In the Notice of Formal Charges, the JQC accuses Judge Dempsey of engaging in improper conduct in violation of Canon 7A(3)(d)(ii)[1] of the Code of Judicial Con *1032 duct[2] during her 2008 campaign for the Circuit Court judgeship in the Second Judicial Circuit which she now holds. The JQC’s Notice of Formal Charges states in pertinent part:
1. During the campaign, an advertisement appeared on YouTube entitled “re-elect” Judge Dempsey when you had not previously been elected to the circuit court but instead had been appointed to the bench in 2005, in violation of Canon 7(A)(3)(d)(ii) of the Code of Judicial Conduct.
2. During the campaign, one of your mailers represented to the voting public that you had 20 years of legal experience when in fact you were not admitted to practice law until 1994, in violation of Canon 7A(3)(d)(ii) of the Code of Judicial Conduct.
These Acts, if they occurred as alleged, would impair the confidence of the citizens of this state in the integrity of the judicial system and in you as a judge, would constitute a violation of the cited Canon of the Code of Judicial Conduct, and would warrant discipline, including but not limited to your removal from office and/or any other appropriate discipline recommended by the Florida Judicial Qualifications Commission.
On January 29, 2009, Judge Dempsey testified under oath and admitted to the alleged conduct at a hearing before the investigative panel. Subsequently, Judge Dempsey entered into a factual stipulation with the JQC admitting the charges, waived her right to a plenary hearing before the hearing panel of the JQC, apologized for her improper conduct, and accepted the public reprimand as recommended by the panel. Thereafter, the JQC panel made its findings and recommendations of discipline, in which it stated:
1. On January 29, 2009, the Investigative Panel of the Judicial Qualifications Commission served a Notice of Investigation on Circuit Court Judge Angela Dempsey (“Judge Dempsey”) pursuant to Rule 6(b), Judicial Qualification Commission. The investigation is based on information received regarding Judge Dempsey’s conduct during her 2008 campaign for the Circuit Court Judgeship in the Second Judicial Circuit which she now holds.
2. The Investigative Panel has now entered into a Stipulation with Judge Dempsey in which she admits to the conduct set forth in paragraph 5 of the Stipulation.
3. Judge Dempsey has admitted the foregoing, accepts full responsibility, and acknowledges that such conduct should not have occurred. The Investigative Panel has concluded and therefore finds and recommends that the interests of *1033 justice, the public welfare and sound judicial administration will be served by a public reprimand of Judge Dempsey.
This Court must now review the JQC’s findings and recommendation of discipline.
II. SCOPE OF REVIEW
This Court “may accept, reject, or modify in whole or in part the findings, conclusions, and recommendations of the commission and it may order that the justice or judge be subjected to appropriate discipline.” Art. V, § 12(c)(1), Fla. Const. “This Court reviews the findings of the JQC to determine if they are supported by clear and convincing evidence and reviews the recommendation of discipline to determine whether it should be approved.” In re Andrews, 875 So.2d 441, 442 (Fla.2004). The clear and convincing standard is “more than a ‘preponderance of the evidence,’ but the proof need not be ‘beyond and to the exclusion of a reasonable doubt.’ ” Id. (quoting In re Kinsey, 842 So.2d 77, 85 (Fla.2003)). “While this Court gives the findings and recommendations of the JQC great weight, ‘the ultimate power and responsibility in making a determination rests with this Court.’ ” In re Andrews, 875 So.2d at 442 (quoting In re Kinsey, 842 So.2d 77, 85 (Fla.2003)).
III. ANALYSIS
We have held that “where a judge admits to wrongdoing and the JQC’s findings are undisputed this Court will ordinarily conclude that the JQC’s findings are supported by clear and convincing evidence.” In re Diaz, 908 So.2d 334, 337 (Fla.2005); see In re Andrews, 875 So.2d at 442 (“Judge Andrews admitted to the conduct alleged by the JQC. Accordingly, the JQC’s findings are supported by clear and convincing evidence.”); see also In re Angel, 867 So.2d 379, 383 (Fla.2004); In re Schapiro, 845 So.2d 170, 174 (Fla.2003). In the instant case, Judge Dempsey admitted to the alleged wrongdoing and, upon review, we have determined that the JQC’s findings are supported by clear and convincing evidence.
Moreover, Canon 7 prohibits a judge or candidate for judicial office from participating in inappropriate political activity. Canon 7A(3)(e)(ii) is intended to preserve the integrity of the judiciary and maintain the public’s confidence in a fair, impartial, and independent judiciary. It is clear that a member of the judiciary or judicial candidate should not mislead the public by placing factually incorrect statements in campaign materials. We have stated that “a voter should not be required to read the fine print in an election campaign flyer to correct a misrepresentation contained in large, bold letters.” In re Kinsey, 842 So.2d 77, 90 (Fla.2003). “[J]udges should be held to higher ethical standards than lawyers by virtue of their position in the judiciary and the impact of their conduct on public confidence in an impartial justice system.” In re McMillan, 797 So.2d 560, 571 (Fla.2001). We have repeatedly placed judicial candidates on notice that this type of misconduct will not be tolerated. See In re Renke, 933 So.2d 482 (Fla.2006); In re McMillan, 797 So.2d 560 (Fla.2001); In re Alley, 699 So.2d 1369 (Fla.1997). As made clear by the JQC’s Notice of Formal Charges, the misleading information contained within Judge Dempsey’s campaign materials was placed within the materials deliberately and was done for the purpose of bolstering her own experience and credibility to the voting public. Without a doubt, Judge Dempsey’s conduct was wholly inappropriate. Therefore, we must examine her fitness to serve as an officer of the court and determine what the appropriate sanction is for her misconduct.
*1034 “[T]he object of disciplinary proceedings is not for the purpose of inflicting punishment, but rather to gauge a judge’s fitness to serve as an impartial judicial officer.” In re McMillan, 797 So.2d at 571. Existing precedent suggests that her conduct warrants public reprimand. See In re Alley, 699 So.2d 1369, 1370 (Fla.1997) (approving the JQC’s recommendation for public reprimand for judicial campaign violations); In re Glickstein, 620 So.2d 1000, 1002-03 (Fla.1993) (approving public reprimand as a sanction for Canon 7 violations); In re Tuner, 573 So.2d 1, 2 (Fla.1990) (approving public reprimand for violation of Canon 7).
IV. CONCLUSION
We therefore conclude that there is clear and convincing evidence in support of the findings of fact as to both charges and we approve the stipulation entered into by Judge Dempsey and the JQC. Accordingly, we hereby command Judge Angela Dempsey to appear before this Court for the administration of a public reprimand at a time to be established by the Clerk of this Court.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, J., recused.

. Effective July 3, 2008, Canon 7A(3)(d)(ii) was renumbered as Canon 7A(3)(e)(ii). As a *1032 result, when referring to the Notice of Formal Charges, this opinion will cite to Canon 7A(3)(d)(ii). However, this opinion will cite to Canon 7A(3)(e)(ii) for all other purposes.

. Canon 7 provides:
A candidate for judicial office:
[[Image here]]
(d) except to the extent permitted by Section 7C(1), [a judicial candidate] shall not authorize or knowingly permit any other person to do for the candidate what the candidate is prohibited from doing under the Sections of this Canon;
(e) shall not:
(i) with respect to parties or classes of parties, cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of the office; or
(ii) knowingly misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent;
Fla.Code of Judicial Conduct Canon 7A(3)(d)-(e).